In re Ted R. **LEVY**, Debtor.

Wilson S. **PALMER**, Appellant,

v.

Ted R. **LEVY**, Appellee.

No. 90–55851.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 1991.

Decided Dec. 6, 1991.

Richard M. Moneymaker, Moneymaker & Kelley, Los Angeles, Cal., for appellant.

Before FLETCHER, NELSON and BRUNETTI, Circuit Judges.

FLETCHER, Circuit Judge:

In this case, we consider the scope of section 523(a)(2) of the Bankruptcy Code, which bars discharge of a debt for money or property obtained by fraud. At issue is whether that section excepts from discharge punitive damages as well as actual damages. Wilson Palmer appeals from the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's finding that the punitive damages portion of a judgment Palmer had obtained against Ted Levy, the debtor, was dischargeable. We affirm.

## BACKGROUND

Levy was one of the principals of three corporations involved in real estate development and sales. These corporations hired Palmer as a salesman, promising to pay him both commissions and a percentage of profits from the business he brought in. The corporations breached the employment contract, and Palmer sued in California state court for fraud and misrepresentation. The jury awarded Palmer $53,538.94 in compensatory damages (of

which $45,612.38 were damages for fraud and misrepresentation) and punitive damages of $250,000. Levy appealed this decision. While the appeal was pending he filed a Chapter 7 bankruptcy petition.

Palmer filed a complaint with the bankruptcy court seeking a determination that Levy's debt to him on the judgment against Levy was nondischargeable. The bankruptcy court held after a hearing that the $45,612.38 damages for fraud were nondischargeable. It also concluded, however, that it had discretion to discharge and did discharge the debt for the $250,000 punitive damages portion of the judgment.

Palmer appealed to the BAP, arguing that the bankruptcy court had erred in discharging the punitive damages portion of the debt. The BAP affirmed, holding that the section 523(a)(2) excepted from discharge only actual damages for fraud.[1]

## STANDARD OF REVIEW

Palmer's appeal presents an issue of law. We review such issues de novo. *Romley v. Sun National Bank (In re Two "S" Corp.)*, 875 F.2d 240, 242 (9th Cir.1989).

## DISCUSSION

Section 523(a)(2)(A) provides, in relevant part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud ...

11 U.S.C. § 523(a)(2)(A).

The Ninth Circuit has not decided the issue of whether punitive damages are excepted from discharge under this section. The BAP, however, has resolved this question in *In re Ellwanger*. In that case, the BAP held that under section 523(a)(2), "a wholly private penalty cannot be the basis for a nondischargeability judgment." *Ellwanger v. McBroom (In re Ellwanger)*,

---

**1.** Levy has not filed a brief or appeared in either    Palmer's appeal to the BAP or this appeal.

105 B.R. 551, 555 (9th Cir. BAP 1989). Other bankruptcy courts addressing the issue have generally found that section 523(a)(2) does not bar discharge of punitive damages. *See, e.g., Larson v. Norris (In re Larson),* 79 B.R. 462 (Bankr.W.D.Mo. 1987); *Haile v. McDonald (In re McDonald),* 73 B.R. 877 (Bankr.N.D.Tex. 1987); *Jones v. Wilson (In re Wilson),* 72 B.R. 956 (Bankr.M.D.Fla.1987); *McCullough v. Suter (In re Suter),* 59 B.R. 944 (Bankr.N.D.Ill.1986).

Palmer argues that the BAP erred in distinguishing among the various subsections of section 523 on the issue of the discharge of punitive damages. He notes that courts have found that punitive damages are nondischargeable under section 523(a)(4), which bars discharge of debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny," 11 U.S.C. § 523(a)(4), and under section 523(a)(6), which bars discharge of debts "for willful and malicious injury by the debtor to another entity or to the property of another entity," 11 U.S.C. § 523(a)(6). *See, e.g., Klemens v. Wallace (In re Wallace),* 840 F.2d 762 (10th Cir. 1988) (holding, without discussion of the punitive damages issue, that judgment for embezzlement which included actual and punitive damages was nondischargeable); *Moraes v. Adams (In re Adams),* 761 F.2d 1422, 1428 (9th Cir.1985) (section 523(a)(6) bars discharge of both punitive and actual damages); *Brawer v. Gelman (In re Gelman),* 47 B.R. 735 (Bankr.S.D.Fla.1985) (holding, without discussion of the punitive damages issue, that both actual and punitive portions of judgment for defalcation while acting in a fiduciary capacity were nondischargeable). Palmer argues that there is no basis in section 523 for such a distinction.

We find, however, that an examination of both the language of section 523(a)(2) and the structure established in section 523 as a whole supports a conclusion that section 523(a)(2), unlike sections 523(a)(4) and 523(a)(6), does not bar discharge of punitive damages.

## I. The Language of Section 523(a)(2)

In its decision in this case, the BAP looked to the language of section 523(a)(2) to support its holding on that section. In 1984, the subsection was amended to add the language "to the extent obtained by." [2] This phrase is meant to limit the nondischargeable debt to the amount "obtained by actual fraud." *Ellwanger,* 105 B.R. at 555; *In re Suter,* 59 B.R. at 946 ("[section] 523(a)(2)(A) precludes the dischargeability of a debt for money *only* to the extent the money was obtained by actual fraud"). Punitive damages, in contrast, do not represent losses to the victim of fraud or increases in the wealth of the debtor who engages in fraud; rather, such damages are "awarded as an example to others or as a penalty or by way of punishment" and "are not a debt for fraud...." *In re McDonald,* 73 B.R. at 882.

Thus, the language of the statute suggests that the subsection limits nondischargeability to the amount of benefit to the debtor or loss to the creditor the act of fraud itself created. Section 523(a)(2) does not preclude discharge of punitive damages.

## II. The Structure of Section 523

An examination of the structure of section 523 also suggests that section 523(a)(2)(A) does not bar discharge of punitive damages.

In ruling on Palmer's appeal, the BAP stated that it was bound by its earlier decision in *Ellwanger.* There, the BAP relied on a footnote to the Supreme Court case of *Kelly v. Robinson.* In *Kelly,* the Supreme Court considered the scope of section 523(a)(7), which excepts from discharge a debt "to the extent such debt is a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7). It held that restitution obligations imposed in state

**2.** Where the section now excepts from discharge "money, property [and] services ... *to the extent obtained by* false pretenses ...," it previously

excepted a debt "for obtaining money, property [and] services ... by false pretenses...." 11 U.S.C. § 523(a)(2)(A).

criminal proceedings are not dischargeable. In a footnote to *Kelly*, the Supreme Court noted that, "It seems likely that the limitation of § 523(a)(7) to fines assessed 'for the benefit of a governmental unit' was intended to prevent application of that subsection to wholly private penalties such as punitive damages." *Kelly v. Robinson*, 479 U.S. 36, 51 n. 13, 107 S.Ct. 353, 361 n. 13, 93 L.Ed.2d 216 (1986). Interpreting this footnote, the *Ellwanger* court concluded, "The language of § 523(a)(2) and § 523(a)(7) when read in harmony compels the conclusion that Congress intended noncompensatory damages to be excepted from discharge only where they are owed to a governmental entity." *Ellwanger*, 105 B.R. at 556.

While we agree with *Ellwanger*'s holding that section 523(a)(2)(A) does not except punitive damages from discharge, we find that this conclusion is overbroad. Even if private creditors cannot avail themselves of section 523(a)(7), they can still rely on other subsections of section 523. *See Placer v. Dahlstrom (In re Dahlstrom)*, 129 B.R. 240, 246 (Bankr.D.Utah 1991) ("There is nothing in the language of § 523(a) or its legislative history to indicate that subsection (a)(7) was intended to preclude private entities from pursuing nondischargeability judgments of punitive damages under other subsections".) Moreover, *Ellwanger*'s suggestion that *no* subsection of section 523 bars the discharge of punitive damages conflicts with the Ninth Circuit's holding in *Adams* that punitive damages are excepted from discharge under section 523(a)(6). *See Lock v. Scheuer (In re Scheuer)*, 125 B.R. 584, 593 (Bankr.C.D.Cal.1991) (discussing *Adams* and *Ellwanger*).

The footnote to a more recent Supreme Court case suggests a reading of section 523 that does distinguish among its subsections. In *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991), the Supreme Court held that facts in support of the section 523 exceptions need only

be proven by a preponderance of the evidence. In a footnote, the Court stated that it did not consider "the question whether § 523(a)(2)(A) excepts from discharge that part of a judgment in excess of the actual value of money or property received by a debtor by virtue of fraud." It noted, however, "[a]rguably, fraud judgments in cases in which the defendant did not obtain money, property, or services from the plaintiffs and those judgments that include punitive damages awards are more appropriately governed by § 523(a)(6)." *Grogan v. Garner*, 111 S.Ct. at 657, n. 2 (citations omitted). The Court cited to a footnote in *In re Rubin* in which the Ninth Circuit observed that:

> [t]he paradigmatic case for § 523(a)(2)(A) seems to arise when a debtor lies to a creditor to obtain a loan and the creditor seeks repayment of the loan in bankruptcy. The paradigmatic case for § 523(a)(6), by contrast, seems to arise when a debtor intentionally injures a creditor and the creditor seeks to make nondischargeable a judgment that he has won in a state court tort action.

*Rubin v. West (In re Rubin)*, 875 F.2d 755, 758 n. 1 (9th Cir.1989) (citations omitted).

The *Grogan* and *Rubin* footnotes reinforce the notion that distinctions should be made among the subsections of section 523. In the regime they suggest, a creditor should seek nondischargeability of a debt for fraud alone under section 523(a)(2). However, where the debtor inflicted "willful or malicious injury," such that punitive damages were awarded, the creditor should seek nondischargeability under 523(a)(6). For punitive damages, then, the appropriate exception to discharge is 523(a)(6); they are not covered by 523(a)(2).

Thus, *Grogan* and *Rubin*, read together with the statutory language, suggest that there are distinctions among the subsections of section 523, and that section 523(a)(2) does not provide a bar to discharge of punitive damages.[3]

---

**3.** Because the BAP relied heavily on *Ellwanger* in its decision on his case, Palmer attempts to distinguish that decision. Our holding does not adopt in full *Ellwanger*'s reasoning nor does it

depend on the facts of that case; thus, we need not address his arguments on this point. We note, however, that they do not succeed. While *Ellwanger* involved a statutory penalty rather

The BAP's holding that section 523(a)(2) did not except from discharge the punitive damages portion of Palmer's judgment against Levy is therefore AFFIRMED.

than punitive damages, its holding was not limited to that context. Palmer argues that punitive damages, in contrast to statutory penalties, bear some relationship to the aggrieved party's loss or the wrongdoer's gain. However, this does not appear to be a traditional requirement of the common law. *See Pacific Mut. Life Ins. Co. v. Haslip,* —— U.S. ——, 111 S.Ct. 1032, 1042, 113 L.Ed.2d 1 (1991) (punitive damages "hav[e] in view the enormity of [the defendant's] offence rather than the measure of compensation to the plaintiff") (citing *Day v. Woodworth,* 13 How. 363, 14 L.Ed. 181 (1852)). Moreover, there is no indication such a relationship existed between the actual and punitive damages awarded in Palmer's case against Levy. Palmer also argues that punitive damages may be compensatory in nature, and may be awarded when it is too difficult to determine the extent of the plaintiff's actual loss. However, as the BAP notes, there is no evidence that punitive damages served such a compensatory function in this case.