**In re Charles M. WINTERS, Debtor.**

**Barbara KIBLER and Sammie Lambert, Plaintiffs,**

v.

**Charles M. WINTERS, Defendant.**

**Bankruptcy No. 93–30122.**
**Adv. No. 93–3009.**

United States Bankruptcy Court,
E.D. Kentucky,
Frankfort Division.

Oct. 18, 1993.

John C. Ryan, Frankfort, KY, for debtor.

Gregg Y. Neal, Shelbyville, KY, for plaintiffs.

**_MEMORANDUM OPINION_**

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court for consideration of the issue of the dischargeability of punitive damages. The Court had previously sustained the plaintiffs' Motion for Summary Judgment as to compensatory damages and taken the question of the dischargeability of punitive damages under advisement. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

The plaintiffs' Adversary Complaint, filed herein on April 27, 1993, objected to the discharge of a judgment debt owed to them by the defendant in the amount of $35,150.00 plus court costs and interest at the rate of 12% per annum from October 18, 1990. The plaintiffs contended that the debt was not dischargeable pursuant to 11 U.S.C. § 523(a)(2). The plaintiffs filed an Amended Adversary Complaint to designate proper parties to the action on May 6, 1993.

The plaintiffs filed their Motion for Summary Judgment on July 29, 1993. Therein they stated the defendant's debt to them was a judgment resulting from a state court trial concerning a house which the plaintiffs purchased from the defendant. The plaintiffs contended that the defendant has misrepresented the quality of construction of the house, and that these misrepresentations and certain omissions were an intentional deception on the part of the defendant. At the conclusion of the trial, the jury rendered a verdict of $25,150.00 in compensatory damages and $10,000.00 in punitive damages against the defendant. The Motion for Summary Judgment contended that this debt was not dischargeable pursuant to 11 U.S.C. § 523(a)(2) or § 523(a)(6).

The defendant filed a Response to the Motion for Summary Judgment and a Motion to Dismiss Portion of Complaint on August 19, 1993. The defendant argued that the plaintiffs should not be allowed to include consideration of § 523(a)(6) in support of their Motion for Summary Judg-

ment since it had not been a basis for the Adversary Complaint. He further contended that if the Court applied the doctrine of collateral estoppel to the state court judgment, it should find that the punitive damages portion was dischargeable. He cited several cases in support of his position.

At the hearing conducted on the Motion for Summary Judgment on August 24, 1993, the Court gave the parties ten days to supplement their briefs if they wished. The defendant filed a Supplemental Response Relative to Dischargeability of Punitive Damages on September 3, 1993. The plaintiffs did not file a further brief and have not cited any case law in support of the proposition that punitive damages are nondischargeable.

Case law appears to be divided on the issue. The defendant has cited a Ninth Circuit decision, *In re Levy*, 951 F.2d 196, 198 (1991), for the proposition that § 523(a)(2) does not bar discharge of punitive damages. The court opined that the language of § 523(a)(2) limited the nondischargeable debt to the amount obtained by actual fraud. The court expanded on this conclusion by stating:

> [A] creditor should seek nondischargeability of a debt for fraud alone under section 523(a)(2). However, where the debtor inflicted 'willful or malicious injury,' such that punitive damages were awarded, the creditor should seek nondischargeability under 523(a)(6). For punitive damages, then, the appropriate exception is 523(a)(6); they are not covered by 523(a)(2).

At page 199.

A better approach to this issue is found in *In re St. Laurent*, 991 F.2d 672 (11th Cir.1993). Therein the court analyzed the language of § 523(a)(2), focusing particularly "... upon the meaning of the term 'debt' and whether that term is sufficiently broad to encompass punitive damage awards." At page 678. The court concluded that the term was sufficiently broad and that damages for "... a common cause of fraudulent conduct is a 'debt' as defined by the Bankruptcy Code in § 523(a)." At page 679. The court rejected the holding

in *Levy, supra*, in coming to this conclusion.

This Court agrees with the *St. Laurent* court's analysis of the language of the statute, and with its observation that both compensatory and punitive damages flow from the same conduct. It is therefore the opinion of this Court that the debt for punitive damages should be found nondischargeable. An order in conformity with this opinion will be entered separately.