19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Leonard APPELL, Debtor.
Leonard APPELL, Appellant,
v.
Esther LESSARY, Appellee.
 No. 92-16012.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.*
Decided Feb. 25, 1994.
 
 Before: POOLE, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 Esther Lessary appeared as a witness for the prosecution in a criminal case in which Leonard Appell was the defense attorney. At some point during the criminal proceeding, Appell for his client filed a civil suit in state court against Lessary. Appell also sent a letter to Lessary's employer which Lessary has alleged was defamatory.
 
 
 3
 Lessary later filed a third-party complaint against Appell in the civil action, alleging intentional infliction of emotional distress, defamation, malicious prosecution, abuse of process, and deceptive practices in violation of Appell's professional responsibilities. The suit against Lessary was promptly dismissed. However, Lessary pressed her case against Appell. Because Appell failed to comply with discovery requests in the state court action, certain admissions requested from Appell were deemed admitted. Based on these admissions, Lessary obtained summary judgment against Appell regarding Appell's liability. At a later trial to determine damages, a jury rendered a verdict in the amount of $31,000.00 in general damages, $150.00 in special damages, and $800,000.00 in punitive damages, for a total of $831,150.00 (the "Judgment Debt").
 
 
 4
 Appell then filed for bankruptcy. Lessary filed an adversary proceeding to have the Judgment Debt declared non-dischargeable. The adversary complaint alleged that "Appell did engage in willful and malicious conduct in defaming ... Lessary; intentionally inflicting emotional distress on ... Lessary; [and] by abusing the process of the Court through initiation of a malicious lawsuit against ... Lessary." The complaint also alleged that Appell "is indebted to ... Lessary on a Civil Complaint," referring to the state court judgment and complaint alleging such conduct. Finally, the complaint alleged (partly by reference to another, separate complaint filed in state court) that Appell had spitefully, maliciously, and fraudulently conveyed away much of his property to render himself judgment proof.
 
 
 5
 In the course of the adversary proceeding, Lessary requested Appell to produce certain documents concerning Appell's allegedly fraudulent transfer of his property. When Appell did not produce the documents, the bankruptcy court ordered Appell to produce the documents within 30 days. Appell appeared in court pro se throughout this period and otherwise actively participated in the litigation. When Appell still did not produce the documents within the 30-day period, the court again ordered production, warning Appell that failure would result in the striking of Appell's answer and imposition of a default sanction against him. Appell failed to deliver the documents. As a result, the bankruptcy court ordered Appell's answer stricken and entered Appell's default.
 
 
 6
 On February 9, 1989, the bankruptcy court held a proof hearing at which Appell did not appear. (He later claimed not to have actually received the hearing notice which was sent to his last known address.) At the hearing, Lessary presented much of the written record from the state court action against Appell, including the jury's damages verdict and the final judgment rendered by the state trial court. The bankruptcy court concluded that all of the damages were non-dischargeable under 11 U.S.C. section 523(a)(6), which holds non-dischargeable any "debt-- ... for willful and malicious injury by the debtor to another entity or to the property of another entity." Appell appealed, claiming that default was improper and that the judgment was entered without sufficient evidence. The Bankruptcy Appellate Panel (BAP) affirmed. We also affirm.
 
 ANALYSIS
 I. The Default Judgment
 
 7
 Discovery sanctions are reviewed for abuse of discretion. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1408 (9th Cir.1990), cert. denied sub nom., Lewis & Co. v. Thoeren, 498 U.S. 1109 (1991). Related findings of fact are reviewed under the clearly erroneous standard. Id. If the trial court fails to make factual findings, the facts are reviewed de novo. Id. Otherwise, an imposition of sanctions will not be overturned absent a definite and firm conviction that a clear error in judgment was made. Id.
 
 
 8
 Appell claims default was entered improperly. He does not argue that default was unjustified generally. Rather, Appell argues that the documents he failed to produce were relevant only to the fraudulent conveyance claim, not to the defamation-malicious prosecution/non-dischargeability claim. Accordingly, he argues, default should have been ordered at most only on the fraudulent conveyance claim. This court and the Supreme Court have required that "the sanction [at issue] must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 591 (9th Cir.1983) (quoting Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 707 (1982)); G-K Properties v. Redevelopment Agency of San Jose, 577 F.2d 645, 648 (9th Cir.1978); see Hammond Packing Co. v. Arkansas, 212 U.S. 322, 349-54 (1909).
 
 
 9
 Wyle controls here. In Wyle, the plaintiff alleged that a defendant had paid millions in illegal rebates. The defendant admitted paying illegal rebates but alleged in affirmative defense that plaintiff had violated antitrust laws by paying similar rebates and falsely denying rebating. Plaintiff denied such allegations and filed a counterclaim. Later, it appeared that plaintiff had falsely denied rebating. Moreover, plaintiff willfully failed to obey discovery orders to produce documents relating to plaintiff's rebating. For these two reasons, the district court dismissed the plaintiff's complaint and counterclaim.
 
 
 10
 On appeal, the plaintiff argued that these discovery abuses were unrelated to its claims that the defendant had harmed plaintiff through defendant's own rebating. The court explained how the required nexus was present:
 
 
 11
 Although [plaintiff's] illegal conduct could not be raised as a complete bar to its antitrust action, [defendant] could have used that evidence to controvert the existence of damages or limit the amount.
 
 
 12
 709 F.2d at 591. The Wyle court for these reasons affirmed the dismissal. Id.
 
 
 13
 In this case, Lessary could make like use of the requested documents in showing that the Judgment Debt was non-dischargeable. Fraudulent conveyance, if proved as alleged, would have constituted a willful and malicious injury. Whether Appell willfully and maliciously injured Lessary at one time is relevant to whether he did so at another. Fed.R.Evid. 404(b) ("Evidence of other crimes, wrongs, or acts ... may ... be admissible ... as proof of ... intent...."). Thus, discovery related to fraudulent conveyance allegations was reasonably calculated to show the willfulness and malice of Appell towards Lessary with regard to the other alleged intentional torts. Accordingly, the documents requested were related to the claim that Appell had willfully and maliciously injured Lessary.[1] Default as entered was thus proper.
 
 II. The Sufficiency of the Evidence
 
 14
 Appell argues that evidence that he caused "willful and malicious injury" to Lessary was insufficient. At the proof hearing only evidence of the state court judgment was presented. Appell assumes that the bankruptcy court relied only on the state court judgment in finding a willful and malicious injury. Based on this assumption, Appell argues that the bankruptcy court applied the doctrine of collateral estoppel to find that Appell had caused "willful and malicious injury" to Lessary. Appell then argues that collateral estoppel should not apply, claiming that under Grogan v. Garner, 498 U.S. 279 (1991), the required elements of collateral estoppel were not shown. Appell also notes that the state court judgment, which rested on admissions, established nothing factually in regard to non-dischargeability in bankruptcy, because such admissions cannot be used against the admittor in any other proceeding. Hawaii Rule of Civil Procedure 36(b). The state court admissions aside, Appell claims the state court proceedings contained insufficient evidence to support a finding that Appell had caused Lessary such an injury.
 
 
 15
 Lessary, on the other hand, asserts, citing In re Britton, 950 F.2d 602 (9th Cir.1991), that the evidence of the state court judgment is itself sufficient to establish that Appell caused a "willful and malicious injury" to Lessary, primarily because the acts alleged in state court were intentional torts.
 
 
 16
 Neither party argues the legal rule we find dispositive. The bankruptcy court in finding a willful and malicious injury had no need for the doctrine of collateral estoppel or the factual record in the state court. Generally, "upon default the factual allegations of the complaint, except those relating to the amount of damages, [are] taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir.1977) (holding allegations of fraud to be established on default); Thoeren, 913 F.2d at 1414 (holding allegations of, inter alia, fraud and intentional infliction of emotional distress to be established upon default and on that ground rejecting a challenge that evidence of such was insufficient). Lessary's adversary complaint alleged that Appell engaged in "willful and malicious conduct" to Lessary, as set forth in the state court complaint, and that Appell owed Lessary a debt for such conduct. Because Appell's answer was stricken and default entered against him, these facts were conclusively established.
 
 
 17
 Under Thoeren, Appell is precluded from challenging the sufficiency of evidence of such facts. 913 F.2d at 1414. Thus, the bankruptcy court had no need to employ the doctrine of collateral estoppel. Moreover, because the bankruptcy court in establishing "willful and malicious injury" relied on Appell's present default in bankruptcy court rather than his past admissions and discovery defaults in state court, the Hawaii procedural limitation has no effect.[2]
 
 III. Punitive Damages
 
 18
 Appell urges the panel to call for an initial en banc hearing in this case, pursuant to Fed.R.App.P. 35(c), so that the court may reexamine In re Britton, 950 F.2d at 602, 605-07, and Coen v. Zick, 458 F.2d 326, 329-30 (9th Cir.1972), which hold that punitive damages may constitute part of a non-dischargeable debt under section 523(a)(6). See also In re Adams, 761 F.2d 1422, 1427-28 (9th Cir.1985). Appell asserts that punitive damages are (1) limited by due process, (2) not compensatory and a windfall to creditors, (3) contrary to the fresh start policy of the bankruptcy code, (4) incompatible with section 523(a)(6)'s use of the term injury, and (5) disfavored under this court's decision in In re Levy, 951 F.2d 196, 198-200 (9th Cir.1991), cert. denied sub nom., Palmer v. Levy, 112 S.Ct. 2965 (1992). Appell also suggests punitive damages should be treated uniformly under all of section 523(a)'s subsections.
 
 
 19
 Under Fed.R.App.P. 35(a), an en banc hearing will usually not be ordered except (1) to secure or maintain uniformity of the court's decisions, or (2) when the question is of exceptional importance. Of Appell's reasons for an en banc hearing, only a potential conflict with this court's decision in In re Levy is relevant to Rule 35(a)'s standard. In re Levy conflicts with neither In re Britton nor Coen, however. Nor does In re Levy indicate disfavor of punitive damages. In re Levy held that punitive damages were unavailable under section 523(a)(2). 951 F.2d at 198-200. In re Levy went out of its way, however, to correct overbroad BAP dicta to the effect that punitive damages were non-dischargeable only when owed to a governmental entity under section 523(a)(7). 951 F.2d at 199. The In re Levy court noted that punitive damages were also an "appropriate exception to discharge [under] 523(a)(6)." Id. (citing Grogan, 498 U.S. at 282 n. 2). Thus, no conflict is present. Moreover, this issue is not one of exceptional importance. We therefore will not recommend that this case be heard en banc.
 
 CONCLUSION
 
 20
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4 as to appellee only
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appell also argues that the bankruptcy court ordered him in part to turn over tax returns for years in which he had filed none. Appell claims to have been working on such returns throughout the time, and that he cannot be sanctioned for failing to produce documents he did not have. See Maggio v. Zeitz, 333 U.S. 56, 69-78 (1948). However, as the BAP found, the tax returns were only a few of the many records ordered produced by the bankruptcy court. Appell produced none of the records required. That Appell could not have been sanctioned for failing to produce a few of the many records does not mean that the bankruptcy court abused its discretion
 Lessary's arguments that default was as a general matter proper are largely irrelevant to Appell's relatedness arguments. However, a review of the facts of this case in light of the factual rulings and legal doctrines set forth in Thoeren, 913 F.2d at 1412-13 (quoting Malone v. USPS, 833 F.2d 128, 130 (9th Cir.1987), cert. denied sub nom., Malone v. Frank, 488 U.S. 819 (1988)); Malone, 833 F.2d at 128; G-K Properties, 577 F.2d at 645; and United Artists Corp. v. La Cage Aux Folles, Inc., 771 F.2d 1265, 1270-71 (9th Cir.1985), persuades that default was properly entered as a general matter.
 
 
 [2]
 Evidence of damages was also sufficient. After Appell's default established a "willful and malicious injury" and the existence of a debt for such, only the amount of the debt, a fact not set forth in the complaint, remained un-established. Rule 55(b) contemplates a hearing after default to establish the amount of damages. A state court judgment constitutes a prima facie showing in bankruptcy of facts established by that judgment. In re Rahm, 641 F.2d 755, 757 (9th Cir.), cert. denied sub nom., Gregg v. Rahm, 454 U.S. 860 (1981); Lawrence T. Lasagna, Inc. v. Foster, 609 F.2d 392, 396 (9th Cir.1979), cert. denied, 446 U.S. 919 (1980); In re Houtman, 568 F.2d 651, 655 (9th Cir.1978). Here a jury in the state court action found that Appell's conduct toward Lessary resulted in $831,150.00 in damages. This judgment and verdict was presented to the bankruptcy court. Appell made no showing in rebuttal. Therefore, the bankruptcy court's determination of the amount of the debt is sufficiently supported. Moreover, the finding by the jury of the amount of damages, disputed by the parties in state court, may well have been entitled to collateral estoppel effect. Grogan, 498 U.S. at 284-85 & n. 11. Grogan probably supersedes in part the In re Rahm line of cases, see In re Bugna, 137 Bankr.Rep. 785, 788-89 (Bankr.C.D.Cal.1992), inasmuch as In re Rahm and cases like it held that a prior state court action was not to be given collateral estoppel effect in dischargeability determinations. See, e.g., In re Rahm, 641 F.2d at 757. However, because application of collateral estoppel is not necessary in this case, whether this holding of In re Rahm remains valid law is not before the court