GREENBERG, Circuit Judge,
dissenting.
Judge Hillman obviously has written a thoughtful opinion. Nevertheless, I respectfully dissent insofar as the majority holds that the damages to the extent trebled are not dischargeable. In this opinion I will treat the trebled portion of the damages as punitive damages in accordance with the majority opinion.
11 U.S.C. § 523(a)(2)(A) provides that a discharge “does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, [or] a false representation. ...” The initial issue on this appeal is thus whether “to the extent obtained” relates to “debt” or to “money, property, [or] services.” The majority holds that “to the extent obtained” refers to “money, property, [or] services” and I agree. After all, it would be awkward to think that the debtor “obtained” a “debt,” for what the debtor obtains is something of value, thus creating a debt.
But at that point I part company with the majority because treating “to the extent obtained” as referring to “money, property, [or] services,” makes it clear, to me that punitive *60 damages are dischargeable, for the punitive damages do not reflect money, property, or services the debtor “obtained.” Punitive damages are simply a penalty and are something a debtor pays rather than obtains. Here, Cohen “obtained” only the overcharges which are reflected in the compensatory damages which we all agree are not dis-chargeable.
Furthermore, if Congress intended that' punitive damages under section 523(a)(2)(A) were to be non-dischargeable, as the majority holds, it seems to me that the statute simply would read that “A discharge ... does not discharge an individual debtor from any debt for false pretenses, [or] a false representation.... ” That formulation would be consistent with treating punitive damages as part of the debtor’s “debt.” In other words, if punitive damages are not to be dischargeable, there is no need for the “money, property, services ... to the extent obtained” provision in section 523(a)(2)(A). I believe that we should not construe a statute so as to render portions of it superfluous.
Congress used the structure that I suggest would support the majority’s result in 11 U.S.C. § 523(a)(4) which recites that “A discharge ... does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.” Thus, in a section 523(a)(4) case the exception to the discharge is not confined by a provision equivalent to the “money, property, services ... to the extent obtained” provision in section 523(a)(2). There is a structure similar to section 523(a)(4) in 11 U.S.C. § 523(a)(6) which provides that “A discharge ... does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.” It therefore follows that fiduciaries in the enumerated cases, embezzlers, thieves and persons who commit willful and malicious torts cannot obtain discharges of punitive damage awards.
Congress thus carefully distinguished the types of wrongdoing when it set forth the exceptions to a discharge. I, like the majority, would honor that distinction by holding that “to the extent obtained” in section 523(a)(2) relates to “money, property [or] services” and not to “debt,” but would go further and hold that the punitive damages simply are not “money, property, [or] services” as those three terms relate to something the debtor obtained. Thus, punitive damages are dischargeable in cases coming within section 523(a)(2). I point out that while I have reached my result through my own analysis, it is hardly innovative as I merely am taking the position taken by most other courts. See In re Auricchio, 196 B.R. 279, 290 (Bankr.D.N.J.1996). (“Most courts have found that punitive damages awards are dischargeable under § 523(a)(2).”) (collecting cases).
There is court of appeals support for my position for, as the majority points out, the Court of Appeals for the Ninth Circuit has reached a result opposite to that the majority reaches today. See In re Levy, 951 F.2d 196 (9th Cir.1991), cert. denied, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992); see also In re Bugna, 33 F.3d 1054, 1058-59 (9th Cir.1994). That court in Bugna explained the law as follows:
This plain reading of section 523(a)(4) is consistent with our interpretation of other subsections within section 523(a). We have interpreted section 523(a)(6), which contains language similar to that in section 523(a)(4), as barring discharge of punitive damages liability. See In re Britton, 950 F.2d 602, 606 (9th Cir.1991); In re Adams, 761 F.2d 1422, 1427-28 (9th Cir.1985). And, though we have said that section 523(a)(2) does not bar discharge of punitive damages, In re Levy, 951 F.2d 196, 199 (9th Cir.1991), that section is clearly distinguishable: ‘[U]nlike sections 523(a)(4) and 523(a)(6), [section 523(a)(2) ] does not bar discharge of punitive damages.’ Id. at 198. Congress specifically limited the application of section 523(a)(2) to ‘debt ... to the extent obtained by false pretenses, a false representation, or actual fraud.’ 11 U.S.C. § 523(a)(2)(A) (emphasis added). Because punitive damages are not obtained by fraud but rather imposed because of it, they are not restitutionary as required under section 523(a)(2). Levy, 951 F.2d at 199. Section 523(a)(4), like section *61 523(a)(6), conspicuously lacks this limiting language.
Bugna, 33 F.3d at 1058-59. The majority criticizes the analysis in Levy because Levy presumes “that the words ‘to the extent obtained by’ modify the word ‘debt’.” Majority at 56. While I agree that “to the extent obtained by” does not modify “debt,” still it seems clear to me that the Court of the Appeals for the Ninth Circuit correctly distinguished between section 523(a)(2) on the one hand and sections 523(a)(4) and (a)(6) on the other.
I believe my proposed result is consistent with the fresh start policy of the Bankruptcy Code. While the majority expresses concern that a debtor acting fraudulently will escape the consequences of his or her action, I think it is important to understand how broadly fraud has come to be defined. See N.J. Stat. Ann. § 56:8-2 (West 1989) (definition of conduct wrongful under the Consumer Fraud Act). Consider fraud under RICO. As every federal judge knows, in RICO civil cases plaintiffs frequently allege mail fraud as the racketeering activity in situations in which no United States Attorney would seek a RICO indictment. See 18 U.S.C. § 1961(1)(B). In RICO eases, just as under the New Jersey Consumer Fraud Act, treble damages are recoverable. 18 U.S.C. § 1964(c). This case will come to be authority that the trebled portion of the damages in a civil RICO case are not dischargeable, even though the dispute leading to the judgment is essentially commercial, and the racketeering activity is mail fraud.
Indeed, in this case, while I have not dissented from the finding that Cohen committed fraud, his conduct was hardly shocking. The district court described Cohen’s conduct as follows: “[Cohen] made an implicit representation regarding the rent he charged—his silence coupled with the rental amount fixed constituted a representation that he was charging lawful rent.” In re Cohen, 191 B.R. 599, 605 (D.N.J.1996). Furthermore, the finding of fraud was not predicated on Cohen’s actual knowledge. Rather, as the district court explained, it was based on his reckless disregard of the truth.
I recognize that Cohen’s situation is not one that can generate much sympathy. He was, after all, a landlord dealing with persons whose primary language was Spanish and who had little education. Id. at 602. Nevertheless, if “an implicit representation” can give rise to a non-dischargeable punitive damages judgment, in some cases poor or uneducated people may feel the thrust of our opinion as such persons may make “implicit representation[s]” just as Cohen did. The majority’s opinion may come to haunt such people seeking to make a fresh start.