In re Robert B. FRIEDLANDER, Debtor.

Burton M. SACK, Plaintiff,

v.

Robert B. FRIEDLANDER, Defendant.

Bankruptcy No. 92–22927–CJK.
Adv. No. A93–1130.

United States Bankruptcy Court,
D. Massachusetts.

March 31, 1994.

B. Andrew Zelermyer, Boston, MA, for plaintiff.

Sidney J. Dockser, Needham Heights, MA, for debtor.

Paul Grella, Chapter 7 Trustee.

### *MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

CAROL J. KENNER, Bankruptcy Judge.

After a four day trial in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, the Plaintiff, Burton M. Sack, obtained a judgment against the Defendant and Debtor, Robert B. Friedlander. The court concluded that the Debtor was liable to the Plaintiff for fraud in the amount of $966,647.00; and, because the Debtor's fraudulent conduct was found to be willful, the Court awarded the Plaintiff double damages and attorney's fees pursuant to G.L. c. 93A, § 11. Thus judgment entered in the amount of $1,933,294.00, plus attorneys' fees of $76,052.66 and postjudgment interest at 12 percent per annum.

By his complaint in this adversary proceeding, the Plaintiff seeks a determination that the above judgment debt is excepted from discharge by operation of 11 U.S.C. § 523(a)(2)(A) and (a)(4).[1] Under

---

**1.** The complaint states six counts: one for nondischargeability under 11 U.S.C. § 523(a)(2)(A), a second for nondischargeability under § 523(a)(4), and four substantive counts that appear to be identical to those already adjudicated in the Superior Court. This adversary proceed-

§ 523(a)(2)(A), the Plaintiff bears the burden of proving that the debt at issue is one for "false pretenses, a false representation, or actual fraud." To that end, the Plaintiff filed a motion for partial summary judgment in which he sought to establish the elements of fraud by collateral estoppel. The collateral estoppel strategy was based on the Superior Court's judgment; but, at the time of the motion for summary judgment, the judgment was being appealed to the Massachusetts Appeals Court and so was not as final as it might have been. Therefore, this Court denied the motion for summary judgment without prejudice and indicated that the Plaintiff could renew his motion when the appeals process had run its course.

By the motion now before the Court, the Plaintiff informs the Court that the appeal has been dismissed and asks that his motion for partial summary judgment be reconsidered. The Debtor opposes the motion for reconsideration, but his opposition goes to the merits of the motion for partial summary judgment, not to whether it is ripe for consideration. Therefore, the Court will proceed to reconsider the motion for partial summary judgment.

## MOTION FOR PARTIAL SUMMARY JUDGMENT

The motion for partial summary judgment seeks judgment on Plaintiff's count for nondischargeability under 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) states:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A) (1988). Under this subsection, the Plaintiff bears the burden of proving the requisite fraud, and the standard of proof is a preponderance of the evidence.

*Grogan v. Garner,* 498 U.S. 279, 289–91, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). In order to establish "actual fraud" within the meaning of § 523(a)(2)(A), the Plaintiff must prove five elements: (1) the Debtor made a false statement; (2) he knew the statement to be false when he made it; (3) he made it with the intention and purpose of deceiving the Plaintiff; (4) the Plaintiff reasonably relied on the statement; and (5) the Plaintiff sustained loss or damage as a proximate result of the false statement. *In re Sestito,* 136 B.R. 602, 605 (Bankr.D.Mass.1992), and cases cited.

### Arguments

The Plaintiff seeks to satisfy his burden of proof as to the five elements of actual fraud by invoking the doctrine of collateral estoppel. He argues that the elements of actual fraud are the same as those that constituted his cause of action for fraud in the Superior Court; and, where each of the elements of fraud was actually litigated in the Superior Court and determined by a valid and final judgment, and the determination on each element was essential to the judgment, the Debtor is estopped from denying that the elements are conclusively established for purposes of establishing nondischargeability under § 523(a)(2)(A). The Debtor disagrees, arguing that collateral estoppel cannot be invoked because the Superior Court did not actually find that the Debtor committed fraud; rather, the Superior Court judge "mixed his metaphors" and improperly labelled as fraud certain items as to which the Plaintiff had not alleged fraud and which should not have been included in the judgment.

The parties also disagree as to whether the double damages and attorneys' fees awarded under G.L. c. 93A, § 11 are nondischargeable under § 523(a)(2)(A). The Debtor contends that they are not, both because there is no exception from discharge for double damage awards and because there is no exception

ing was commenced before the Plaintiff obtained relief from the automatic stay to proceed to judgment in the Superior Court. Now that the Superior Court judgment has entered, the Counts I,

II, III, and IV (for common law fraud, negligent misrepresentation, violation of Chapter 93A, and breach of contract respectively) appear to be unnecessary.

from discharge for judgment debts under G.L. c. 93A.

The Plaintiff responds that the Chapter 93A damages arise from the same conduct that constituted the deceit adjudicated by the Superior Court and therefore are just as nondischargeable as are the damages for deceit. The Plaintiff also argues, citing *St. Laurent v. Ambrose*, 991 F.2d 672, 678 (11th Cir.1993), that "punitive damage awards flowing from the same course of fraudulent conduct necessitating an award of compensatory damages are not dischargeable in bankruptcy under § 523(a)(2)(A)." *Id.*

### Collateral Estoppel: Dischargeability of Deceit Damages

■ The first issue presented is whether the Plaintiff may, by the doctrine of collateral estoppel, use his state court judgment to establish the "actual fraud" required by § 523(a)(2)(A). Collateral estoppel principles are applicable in proceedings to determine the dischargeability of a debt under § 523(a). *Grogan v. Garner*, 498 U.S. at 284, n. 11, 111 S.Ct. at 658, n. 11. More to the point, a creditor whose fraud claim has been reduced to a valid and final judgment, the elements of which are the same as for nondischargeability under § 523(a)(2)(A), may establish the elements of nondischargeability by collateral estoppel. *Id.* at 284–87, 111 S.Ct. at 658–659. A party seeking to invoke collateral estoppel with respect to an issue must first establish the following:

(1) The issue sought to be precluded must be the same as that in the prior action;

(2) The issue must have been actually litigated;

(3) The issue must have been determined by a valid and final judgment; and

(4) The determination must have been essential to the judgment.

*Kwiat v. Doucette*, 81 B.R. 184, 187 (D.Mass. 1987); *see also In re Sestito*, 136 B.R. at 604, and cases cited. Collateral estoppel precludes relitigation not of an entire cause of action but of a particular issue that is common to two different causes of action. Therefore, in determining whether collateral estoppel may be invoked to establish "actual

fraud," the Court must determine with respect to each element (of actual fraud) whether it satisfies the four requirements of collateral estoppel.

■ The only disputed requirement here is the first, identity of issues: the issue sought to be precluded must be the same as that in the prior action. In order to establish "actual fraud" within the meaning of § 523(a)(2)(A), the Plaintiff must prove five elements: (1) the Debtor made a false statement; (2) he knew the statement to be false when he made it; (3) he made it with the intention and purpose of deceiving the Plaintiff; (4) the Plaintiff reasonably relied on the statement; and (5) the Plaintiff sustained loss or damage as a proximate result of the false statement. *In re Sestito*, 136 B.R. 602, 605 (Bankr.D.Mass.1992), and cases cited. In its memorandum of decision, the Superior Court concluded that the Plaintiff had established the necessary elements of the tort of "deceit." [2] However, the court did not list the "necessary elements" or make specific findings as to each element. The court merely concluded, with little elaboration on the law, that the Plaintiff had established deceit. Therefore, this Court must look to the decisions of the Supreme Judicial Court to determine which of the elements of actual fraud are among the "necessary elements" of deceit.

■ This Court finds among Massachusetts cases two positions as to the necessary elements of deceit (also known in Massachusetts as fraud or as fraudulent or intentional misrepresentation). The first is set forth in *Danca v. Taunton Savings Bank*, 385 Mass. 1, 429 N.E.2d 1129 (1982) and the cases it cites:

In a deceit action, the plaintiff must prove "that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied on the representation as true and acted upon it to his damage." *Barrett Assocs. v. Aronson*, 346 Mass. 150, 152 [190 N.E.2d 867] (1963), quoting from *Kilroy v. Barron*, 326 Mass. 464, 465 [95

---

**2.** In the judgment, the tort is referred to as

"deceit (fraud)."

N.E.2d 190] (1950). *Alpine v. Friend Bros.*, 244 Mass. 164, 167 [138 N.E. 553] (1923).

*Danca v. Taunton Savings Bank*, 385 Mass. at 8, 429 N.E.2d 1129; see also *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 703, 322 N.E.2d 768 (1975). In this statement of the law, the elements of deceit are virtually identical to those of actual fraud under § 523(a)(2)(A). Both require proof of the same five elements: (1) the defendant made a false representation (2) with knowledge of its falsity and (3) the intention and purpose of deceiving the plaintiff and inducing the plaintiff to rely on it [3]; and (4) the plaintiff reasonably [4] relied on the representation and (5) sustained loss or damage as a proximate result.

 The second version of Massachusetts law, which is set forth in *Snyder v. Sperry & Hutchinson Co.*, 368 Mass. 433, 333 N.E.2d 421 (1975), differs only on elements (2) and (3), the requirements of knowledge of falsity and intent to deceive:

> [A]n intentional misrepresentation is not a prerequisite to recovery for deceit. "In this Commonwealth it has been held in a long line of cases that 'the charge of fraudulent intent, in an action for deceit, may be

maintained by proof of a statement made, as of the party's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge; and in such case it is not necessary to make any further proof of an actual intent to deceive.' *Chatham Furnace Co. v. Moffatt*, 147 Mass. 403, 404 [18 N.E. 168]." *Powell v. Rasmussen*, 355 Mass. 117, 118 [243 N.E.2d 167] (1969). See *Yorke v. Taylor*, 332 Mass. 368, 371 [124 N.E.2d 912] (1955) (rescission); *Maxwell v. Ratcliffe*, 356 Mass. 560, 562 [254 N.E.2d 250] (1969) (damages); *McMahon v. M & D Builders, Inc.*, 360 Mass. 54, 59 [271 N.E.2d 649] (1971) (rescission).

*Snyder v. Sperry & Hutchinson Co.*, 368 Mass. at 444, 333 N.E.2d 421. Under this version of deceit, a plaintiff need not prove knowledge of falsity or intent to deceive. The plaintiff need only prove elements (1), (4), and (5) of the *Danca* version of deceit: that the defendant made a statement that is false [5] and that the plaintiff reasonably relied upon it and consequently suffered damages. A judgment for deceit under the *Snyder* version of the law would, on its face, establish only three of the five elements necessary

---

**3.** Actual fraud under § 523(a)(2)(A) requires proof that the misrepresentation was made "with the intention and purpose of deceiving the creditor." *In re Sestito*, 136 B.R. at 605. Deceit under Massachusetts law, as stated in *Danca*, requires that the misrepresentation have been made "for the purpose of inducing the Plaintiff to act thereon." *Danca v. Taunton Savings Bank*, 385 Mass. at 8, 429 N.E.2d 1129. In view of the fact that, in both cases, the plaintiff must also prove that the misrepresentation was made with knowledge of its falsity, this Court finds no material difference between intent to deceive and intent to induce reliance. A defendant who knows of the falsity of his representation and makes it with intent to induce action or reliance is, *per se*, acting with intent to deceive.

**4.** Although *Danca* does not explicitly require that the reliance be justified or reasonable,

> the Supreme Judicial Court of Massachusetts has not allowed fraud claims to lie when reliance could not be reasonable as a matter of law. *Saxon Theatre Corp. v. Sage*, 347 Mass. 662, 666–67, 200 N.E.2d 241, 244–45 (1964). *Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 805 (1st Cir.1987). Therefore, to recover for fraud under Massachusetts law, "Plaintiff's reli-

ance on the misrepresentation must be reasonable." *Bolen v. Paragon Plastics, Inc.*, 754 F.Supp. 221 (D.Mass.1990).

**5.** The additional language in *Snyder*, requiring proof that the statement have been made "as of the party's own knowledge," adds nothing to what is required by the first version of the law: a false statement. If the defendant does not at least implicitly convey that he or she has knowledge of the subject matter of the representation, then there is no false representation. For example, if the purchaser of a house asks the seller whether the house is infested with termites and the seller answers that it isn't, the seller is implicitly representing that she knows the house is not infested. On the other hand, if the seller answers that she hasn't investigated the matter but thinks the house is not infested, she has not made a false statement because she has conveyed that she does not know the answer and is guessing. And when a statement is known to the plaintiff to be a guess, even as to a matter susceptible of knowledge, it cannot be the basis of deceit. *Zimmerman v. Kent*, 31 Mass.App.Ct. 72, 79, 575 N.E.2d 70 (1991) ("A statement on which liability for misrepresentation may be based must be one of fact, not of expectation, estimate, opinion, or judgment.").

to establish actual fraud under § 523(a)(2)(A).

■ The two versions differ and appear to be irreconcilable.[6] The trial judge must have followed one of the two versions, but he did not indicate which version he followed. Therefore, I can conclude that the Superior Court judge determined issues (1), (4), and (5) and that his rulings on these issues were necessary to the judgment: he could not have found deceit under either version of the law without ruling that the Plaintiff had established these elements. However, I cannot on the basis of the deceit judgment alone conclude that the Superior Court determined elements (2) and (3): whether the Debtor made the misrepresentation with knowledge of the falsity of his representation and with intent to deceive.

This does not prevent the establishment of elements (2) and (3) by collateral estoppel. When the judgment is considered together with the judge's findings of fact and in light of the nature of the fraudulent misstatement, the conclusion is inescapable, as a matter of law, that the Debtor made his misrepresentation with knowledge of its falsity and with intent to deceive. The Debtor's misstatement was about his intent to abide by his promise to the Plaintiff. The Superior Court judge found that the Plaintiff and the Debtor entered into an agreement. Under the agreement, they would together purchase fifteen Red Coach Grill restaurants from the Howard Johnson Company for $8.2 million, sell ten of them immediately to W.R. Grace Company for $8.6 million, sell the remaining five over time, and, most importantly, share the profits equally. "Unfortunately, [the Debtor] had no intention of splitting the profits fifty-fifty. He intended to deceive the

Plaintiff and he did so." Superior Court Memorandum of Decision, p. 3. "He had no intention to split profits 50/50. He had no intention from the beginning of dealing fairly and scrupulously with Burton Sack." *Id.*, pp. 9–10. Thus the misrepresentation that formed the basis of the deceit judgment was the Debtor's misrepresentation of his intent to perform under the contract.[7] This kind of misrepresentation—a misrepresentation of intent—could not have been made without knowledge of its falsity and without intent to deceive; it concerned a matter, the Debtor's own present intent, as to which the Debtor had immediate knowledge, as to which he could not have been unaware or mistaken. In any case, the Superior Court clearly found that the Debtor made his misrepresentation with intent to deceive.

Therefore, the requirement of identity of issues is satisfied as to each element of actual fraud: each element of actual fraud under 11 U.S.C. § 523(a)(2)(A) was an issue in the Superior Court deceit count, and each was essential to the judgment. Also, each was actually litigated and was determined by a binding and final judgment. The Court concludes that the requirements of collateral estoppel have been established as to each element of actual fraud.

The Debtor argues that the Superior Court improperly included in the judgment for deceit various items (which the Debtor does not identify) as to which the Plaintiff had not alleged fraud and that should not have been included in the judgment; the Debtor states that these should not be included in the scope of what is established by collateral estoppel. The Court must reject this argument. The Superior Court judgment is valid and final; the Bankruptcy

---

**6.** The federal cases interpreting Massachusetts law do not obviate the problem. Compare *Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 805 (1st Cir.1987) (using *Danca* as "the articulated standard for the intentional tort of fraudulent misrepresentation under Massachusetts common law") with *Nickerson v. Matco Tools Corp.*, 813 F.2d 529, 530 (1st Cir.1987) (stating that the *Snyder* standard is "exactly appropriate" and holding that it was error to have instructed a jury that, in order to recover for deceit under Massachusetts law, the Plaintiff had to prove knowledge of falsity) with *Logan Equipment Corp. v.*

*Simon Aerials, Inc.*, 736 F.Supp. 1188 (D.Mass. 1990) (citing both *Danca* and *Snyder* as the applicable law).

**7.** This is clear from the Superior Court's only express ruling of law on the count for deceit:

"An intention not to perform, existent when the promise is made, is misrepresentation of a material fact which can be made the foundation for deceit." Bishop, *Prima Facie Case* at p. 174.

Superior Court Memorandum of Decision, p. 10.

Court does not have jurisdiction to review and modify it.

The Court concludes that the elements of actual fraud are established by collateral estoppel. There are no genuine issues of material fact, and the Plaintiff is entitled to judgment with respect to the dischargeability of the judgment debt for deceit.

***Dischargeability of Damages under G.L. c. 93A***

The Plaintiff also seeks to establish by collateral estoppel the nondischargeability of the damages entered under G.L. c. 93A, § 11, both punitive (the doubling of damages) and compensatory (the award of attorney's fees). This raises three issues: (1) whether judgment debts under G.L. c. 93A, § 11 can be excepted from discharge by 11 U.S.C. § 523(a)(2)(A); (2) whether the four requirements of collateral estoppel are satisfied with respect to the damages awarded under G.L. c. 93A; and (3) whether punitive damages are excepted from discharge by § 523(a)(2)(A).

**a. Dischargeability of Judgments Debts Under G.L. c. 93A**

■ The Debtor argues that there is nothing in 11 U.S.C. § 523 that would except from discharge the portion of the judgment that entered pursuant to G.L. c. 93A, § 11. The Court understands the Debtor to be arguing that judgment debts under G.L. c. 93A, § 11 *cannot* be nondischargeable, especially under 11 U.S.C. § 523(a)(2)(A). He cites no authority for this proposition.

■ General Laws c. 93A is entitled "Regulation of Business Practices in Consumer Protection" and is known as the Massachusetts Consumer Protection Act. Section 2(a) makes unlawful any "unfair or deceptive acts or practices in the conduct of any trade or commerce." G.L. c. 93A, § 2(a). Section 11 extends this prohibition to those engaged in trade or commerce in business transactions with others similarly engaged. G.L. c. 93A, § 11; *Anthony's Pier Four, Inc. v. HBC Associates*, 411 Mass. 451, 474, 583 N.E.2d 806 (1991) and cases cited. Under § 11, if the court finds that the defendant has violated § 2(a), the plaintiff is entitled to actual damages and costs and attorney's fees.

G.L. c. 93A, § 11. If the Court further finds that the defendant's violation of § 2(a) was willful or knowing, the plaintiff is entitled to multiple damages: up to three times but no less than two times the amount of actual damages. *Id.; Anthony's Pier Four, Inc. v. HBC Associates*, 411 Mass. at 475, 583 N.E.2d 806.

■ A plaintiff need not prove common law fraud or deceit in order to make out an "unfair or deceptive act or practice." An "unfair or deceptive act or practice" may be established without proof that the defendant knew his or her false representation to be false and without proof that the plaintiff relied on the representation. *Commonwealth of Massachusetts v. Hale*, 618 F.2d 143, at 146–147 (1st Cir.1980). "The definition of an actionable 'unfair or deceptive act or practice' goes far beyond the scope of the common law action for fraud or deceit." *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 322 N.E.2d 768, 779 (1975). Therefore, a violation of G.L. c. 93A, § 2 can be founded on behavior that lacks the characteristics of misconduct necessary to support a finding of nondischargeability for actual fraud. *Commonwealth of Massachusetts v. Hale*, 618 F.2d at 146–147 (considering nondischargeability under § 17(a)(2) of Bankruptcy Act of 1898, the predecessor of § 523(a)(2)(A) of the present Bankruptcy Code).

■ But this does not mean that conduct that constitutes actual fraud under § 523(a)(2)(A) cannot also constitute an unfair or deceptive practice within the meaning of G.L. c. 93A, § 2(a). Without question, actual fraud, perpetrated in the course of trade or commerce between business people, is an unfair and deceptive trade practice and can form the basis of a judgment under G.L. c. 93A, 11. Where the misconduct on which a Chapter 93A judgment is founded amounts to actual fraud, the judgment debt is excepted from discharge by § 523(a)(2)(A). Therefore, the Court rejects the Debtor's argument that a judgment debt under G.L. c. 93A, § 11 cannot be excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

### b. Applicability of Collateral Estoppel to Ch. 93A Damages

The next issue presented is whether the Plaintiff can establish by collateral estoppel that the damages awarded under G.L. c. 93A, § 11 constitute a debt for actual fraud. On the basis of *Commonwealth of Massachusetts v. Hale, supra,* it is clear that the judgment under Chapter 93A cannot itself be used to establish actual fraud; collateral estoppel does not apply because the elements of an unfair and deceptive trade practice are not identical to those of actual fraud. However, the Superior Court's judgment under Chapter 93A was predicated on the same conduct that gave rise to its judgment for deceit. And, by collateral estoppel, the Plaintiff has established that the damages for deceit constitute a debt for actual fraud. Therefore, by virtue of the state court's judgment for fraud and the doctrine of collateral estoppel, this Court must conclude that the judgment debt under G.L. c. 93A, § 11 is a debt for actual fraud.

### c. Dischargeability of Punitive Damages Under § 523(a)(2)(A)

The Debtor argues that even if a judgment debt is excepted from discharge for actual fraud, the exception from discharge does not extend to the portion of the judgment that constitutes punitive damages: in this case, the doubled damages awarded under G.L. c. 93A, § 11. The Plaintiff disagrees, citing *St. Laurent v. Ambrose,* 991 F.2d 672, 678 (11th Cir.1993), where the court held that "punitive damage awards flowing from the same course of fraudulent conduct necessitating an award of compensatory damages are not dischargeable in bankruptcy under § 523(a)(2)(A)."

The courts are divided on this issue. *St. Laurent* represents what appears to be the minority position; *Palmer v. Levy,* 951 F.2d 196 (9th Cir.1991), is perhaps the lead case for the majority position. Their disagreement focusses on the peculiar language of the statute. Section 523(a)(2)(A) excepts from discharge not simply any debt "for actual fraud" but any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by"

actual fraud. 11 U.S.C. § 523(a)(2)(A). The ambiguity in this language is not easily resolved, but, upon consideration of the competing arguments, this Court concludes that the better view is that expressed in St. Laurent: punitive damages awarded for a debtor's having obtained money, property, services, or credit by fraud are nondischargeable under § 523(a)(2)(A).

### CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that there are no genuine issues of material fact. As a matter of law, the Plaintiff is entitled to judgment declaring that the entire amount of the judgment debt is excepted from discharge by operation of 11 U.S.C. § 523(a)(2)(A). Therefore, the Motions of the Plaintiff for Reconsideration and for Partial Summary Judgment are hereby ALLOWED with respect to Count V of the complaint.

The motion for partial summary judgment addresses only one of six counts in the complaint. In view of the above ruling and of the fact that several of the counts were resolved by entry of judgment in the Superior Court action, the Plaintiff may elect not to go forward on the remaining counts. If he chooses that course, the Plaintiff should file (and serve on the Debtor) a motion for voluntary dismissal of the remaining counts and for entry of judgment on Count 5, the count for nondischargeability under § 523(a)(2)(A). Judgment would enter upon allowance of the motion.