In re Peter C. VARRASSO, Sr. and
Mildred R. Varrasso, Debtors.

William P. PHALON and Jean
M. Phalon, Plaintiffs,

v.

Peter C. VARRASSO, Sr. and Mildred
R. Varrasso, Defendants.

Bankruptcy No. 91–18202–CJK.
Adv. No. A92–1297.

United States Bankruptcy Court,
D. Massachusetts.

March 29, 1996.

George F. Parker, III, Boston, MA, for
Plaintiffs.

Ann Brennan, Boston, MA, for Debtors.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

CAROL J. KENNER, Chief Judge.

By their complaint in this adversary proceeding, the Plaintiffs, William and Jean Phalon, object to the dischargeability of the judgment debt owed them by Defendant and Debtor Peter Varrasso in the amount of $57,-764.66.[1] The Plaintiffs contend that the debt is excepted from discharge by § 523(a)(2)(A) of the Bankruptcy Code as a debt for false representations or actual fraud. 11 U.S.C. § 523(a)(2)(A). The adversary proceeding is before the Court on the Plaintiffs' motion for summary judgment.

The Plaintiffs argue that they are entitled to judgment as a matter of law because the elements of their case under § 523(a)(2)(A) were adjudicated in the state court proceeding that gave rise to the judgment debt and, by collateral estoppel, are deemed established for purposes of this proceeding. They have submitted no evidence other than the complaint and judgment from the state court proceeding. The Debtor opposes the motion on two grounds. First, he points out that the state court judgment entered by default and, therefore, that one of the requirements of collateral estoppel—that the issues in question have been actually litigated in the prior proceeding—is not satisfied. Second, collateral estoppel applies only where there is an identity of issues, but the state court judgment was predicated on a violation of G.L. c. 93A, whose necessary elements, standing alone, do not supply all the elements necessary to establish that a debt falls within § 523(a)(2)(A).

## PROCEDURAL HISTORY

The relevant procedural history is as follows. On February 8, 1990, the Plaintiffs filed a complaint against the Debtor in the District Court Department of the Massachusetts Trial Court. The complaint stated the following allegations. In 1986, the Plaintiffs entered into two Reservation Deposit Agreements with the Debtor. Pursuant to these agreements, the Plaintiffs paid the Debtor a total of $17,000 to reserve for themselves the right to purchase a total of 17 condominium units in two projects that the Debtor was purportedly developing. The Debtor failed to develop the projects. Nor did he return their deposits. Moreover, when he solicited and accepted the Plaintiffs' reservation deposits, he knew or should have known that he had no ability to perform on the agreements: he never owned the land on which the condominiums were to be developed. The Plaintiffs made a written demand for relief under G.L. c. 93A on the Debtor, but, in bad faith, he made no written tender of settlement.

On the basis of these allegations, the complaint asserted three counts. The first stated a count for breach of contract in the amount of $17,000.00 plus interest and attorney's fees. The second sought the same relief on the theory of unjust enrichment. And the third asserted a cause of action for violation of G.L. c. 93A for the same $17,-000.00, but asked that these damages be trebled and that the Plaintiffs be awarded attorney's fees. The Debtor filed no answer. At the Plaintiffs' request, the court entered the Debtor's default. The Plaintiffs then applied for assessment of damages under Mass.R.Civ.P. 55(b)(2). After a hearing, the court assessed actual damages in the amount of $17,000.00, trebled that award pursuant to G.L. c. 93A, and added prejudgment interest of $1,178.66 and attorney's fees and costs of $5,586.00, for total damages of $57,764.66. Judgment entered in that amount on April 27, 1990. The court made no findings or rulings as to liability.

## DISCUSSION

Collateral estoppel principles apply in proceedings to determine the dischargeability of a debt under § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). Under the full faith and credit statute, 28 U.S.C.

---

1. Mildred Varrasso moved separately for summary judgment as to her, and that motion has been allowed, the Plaintiffs having filed no opposition. The Plaintiffs' sole dispute is with Peter Varrasso.

§ 1738,[2] the preclusive effect of a state court judgment in a subsequent nondischargeability proceeding under federal bankruptcy law is governed by the collateral estoppel law of the state from which the judgment is taken. *In re Nourbakhsh,* 67 F.3d 798, 800–801 (9th Cir.1995), citing *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985); *Rally Hill Productions, Inc. v. Bursack (In re Bursack),* 65 F.3d 51, 53 (6th Cir.1995); *St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 675–676 (11th Cir. 1993); *Johnson v. Keene (In re Keene),* 135 B.R. 162, 165–166 (Bankr.S.D.Fla.1991); see also *Nottingham Partners v. Trans–Lux Corp.,* 925 F.2d 29, 32 (1st Cir.1991) ("In ascertaining whether issue preclusion flows as a consequence of previous state court litigation, a federal court must look to state law") and *United States v. One Parcel of Real Property,* 900 F.2d 470, 473 (1st Cir. 1990) (same). Therefore, the preclusive effect of the Plaintiffs' judgment must be evaluated under Massachusetts law.

 Massachusetts law permits a litigant to invoke collateral estoppel only with respect to issues that were actually litigated in the prior action. *Aetna Casualty & Surety Company v. Niziolek,* 395 Mass. 737, 748, 481 N.E.2d 1356 (1985). The Supreme Judicial Court has not addressed the issue of whether a default judgment satisfies the "actually litigated" requirement.[3] However, on a closely related issue, it has ruled that a conviction entered on a plea of guilty does not satisfy this requirement and therefore cannot have preclusive effect in subsequent civil litigation. *Id.* at 747–750, 481 N.E.2d 1356. The Court reasoned that "[w]hen a conviction is entered after a plea of guilty, 'no issue is "actually litigated" ... since [the defendant] decline[s] to contest his guilt in any way.'" *Id.* at 748, 481 N.E.2d 1356, quoting *Haring v. Prosise,* 462 U.S. 306, 316,

103 S.Ct. 2368, 2374, 76 L.Ed.2d 595 (1983). The same is true when, as in this instance, the defendant in a civil proceeding enters no appearance and, consequently, judgment enters against him by default. "Where the defendant has been defaulted, there has never been any trial of genuine issues that might be raised in bar." *Cohen v. Industrial Bank & Trust Co.,* 274 Mass. 498, 503, 175 N.E. 78 (1931). Accordingly, the Restatement (Second) of Judgments takes the position that in the case of a judgment entered by default, none of the issues is actually litigated, and therefore the judgment should have no preclusive effect in subsequent litigation. Restatement (Second) of Judgments, § 27 comment e (1980). Accord 1B James W. Moore *et al.,* Moore's Federal Practice, ¶ 0.444[2] (2d ed. 1995) (default judgment has no preclusive effect in a later action on a different claim). This Court concludes that the Supreme Judicial Court would hold that when judgment enters by default, the issues raised by the complaint are not actually litigated, such that the judgment can have no preclusive effect in subsequent proceedings. Therefore, the Plaintiffs' state court judgment has no preclusive effect in this adversary proceeding.

 In addition, even if collateral estoppel were available, it could apply to only those issues that were essential to the earlier judgment. *Fay v. Federal National Mortgage Assoc.,* 419 Mass. 782, 790, 647 N.E.2d 422 (1995) (before applying collateral estoppel, court must affirmatively determine whether the issue decided in the prior judgment was essential to the earlier judgment). The state court complaint included counts for breach of contract, unjust enrichment, and violation of G.L. c. 93A, but not for fraud. Fraud can constitute a basis for finding a violation of G.L. c. 93A, § 2, but "a violation of G.L. c. 93A, § 2 can be founded on behavior that lacks the characteristics of miscon-

---

2. In relevant part, the statute provides that the judicial proceedings of any state, territory, or possession of the United States "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken." 28 U.S.C. § 1738.

3. A bankruptcy court ruling on an issue of state law must rule as it believes the highest court of the state would rule. *In re Miller,* 113 B.R. 98, 101 (Bankr.D.Mass.1990) and cases cited.

duct necessary to support a finding of non-dischargeability for actual fraud." *Sack v. Friedlander (In re Friedlander)*, 170 B.R. 472, 479 (Bankr.D.Mass.1994), citing *Commonwealth of Massachusetts v. Hale*, 618 F.2d 143, 146–147 (1st Cir.1980). In particular, an "unfair or deceptive act or practice" within the meaning of G.L. c. 93A, § 2 may be established without proof that the Debtor knew his false representation to be false and without proof that the Plaintiffs relied on the representation, both of which are required under § 523(a)(2)(A). *Id.* Therefore, not every element of the Plaintiffs' objection to dischargeability was essential to their state court judgment. As to the unessential elements, collateral estoppel could not be invoked.

For these reasons, the Plaintiffs are not entitled to judgment as a matter of law, and their motion for summary judgment must be denied.

### ORDER

For the reasons set forth above, the Plaintiffs' motion for summary judgment is hereby DENIED.