208 B.R. 249 (1997)
In re Jack MARKARIAN.
The AETNA CASUALTY AND SURETY COMPANY, Plaintiff/Appellee,
v.
Jack MARKARIAN, Defendant/Appellant.
BAP No. MW 96-031.
United States Bankruptcy Appellate Panel of the First Circuit.
May 13, 1997.
*250 Kenneth R. Berman, Boston, MA, with whom John C. La Liberte and Sherin and Lodgen were on brief, for Defendant/Appellant.
Howard S. Veisz, New York City, with whom David S. Douglas, Gregg Kanter, Kornstein Veisz & Wexler, David Brink, Glenda H. Ganem and Smith & Brink were on brief, for Plaintiff/Appellee.
Before GOODMAN, VAUGHN, and CARLO, U.S. Bankruptcy Judges.
PER CURIAM.
Jack Markarian appeals from an order of the bankruptcy court granting the motion for summary judgment filed by The Aetna Casualty and Surety Company ("Aetna") and denying Markarian's cross-motion seeking dismissal of the complaint. The bankruptcy court found that Markarian was collaterally estopped from litigating the nondischargeability of the district court judgment which found Markarian liable for over seven million dollars for violations of the federal Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, and Massachusetts General Laws, Chapter 93A. The bankruptcy court held that the debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), which excepts from discharge debts based on fraud. The bankruptcy court found it unnecessary to consider whether the judgment would also be nondischargeable pursuant to 11 U.S.C. § 523(a)(6), which excepts from discharge debts based on willful and malicious conduct by a debtor.
The Bankruptcy Appellate Panel has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. We review findings of fact for clear error and we review conclusions of law de novo. Fed. R. Bankr.P. 8013; Piccicuto v. Dwyer, 39 F.3d 37, 40 (1st Cir.1994).

FACTS
On October 2, 1989, Aetna sued Markarian and others in the United States District Court for the District of Massachusetts asserting claims under RICO, Massachusetts General Laws Chapter 93A, and Massachusetts common law of deceit. Aetna alleged that the defendants were part of a scheme to obtain payments on fraudulent insurance claims which involved five automobile body shops and two insurance claims adjusters. Markarian supervised repairs at Arsenal Auto Repairs, Inc., a body shop owned and operated by Markarian's brother-in-law.
The district court trial lasted six weeks. In giving his instructions to the jury, the judge stated that to find a defendant liable for fraud would require a determination that the defendant made, with an intent to deceive Aetna, a false statement of material fact which deceived Aetna and caused it to lose money or property. With those instructions the jury deliberated and made a specific finding on the general verdict form that Markarian had committed fraud.
After the jury verdict was entered in favor of Aetna, the district court judge moved to the damage phase and found Markarian jointly and severally liable under RICO for $2,369,901.72, which represents the trebling of Aetna's total actual damages of $789,967.24, together with 12% interest on the judgment from the date suit was brought, and for costs and fees in the amount of $1,500,000.00. Markarian was also found individually liable under Chapter 93A for $1,579,934.48, which represents the doubling of Aetna's total actual damages of $789,967.24. Markarian and other defendants appealed the district court's judgment and the United States Court of Appeals for the First Circuit affirmed.
Markarian filed for Chapter 7 bankruptcy on March 7, 1995, and on May 10, 1995, Aetna filed an adversary proceeding in the bankruptcy court. In its complaint Aetna alleged that the Markarian's debt to Aetna should be excepted from discharge under sections 523(a)(2)(A) and (a)(6); that Markarian *251 made a bad faith bankruptcy filing; and that Markarian's discharge should be denied under sections 727(a)(2), (a)(3), (a)(4), and (a)(5) of the Bankruptcy Code. Both Aetna and Markarian filed motions for summary judgment with respect to the 523(a) count. On July 31, 1996, the bankruptcy court granted Aetna's motion for summary judgment, denied Markarian's motion for summary judgment, and found Markarian's total debt to Aetna nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code. Markarian filed this appeal with the Bankruptcy Appellate Panel on August 9, 1996.

DISCUSSION
The issue before the Panel is whether the bankruptcy court erred in finding the debt nondischargeable pursuant to section 523(a)(2)(A). In granting Aetna's motion for summary judgment, the bankruptcy court found that the district court judgment, affirmed by the circuit court, had collateral estoppel effect. The United States Supreme Court has expressly stated that collateral estoppel principles apply in discharge exception proceedings pursuant to section 523. Grogan v. Garner, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). Judge Queenan accurately summarized the law when he stated, "The doctrine of collateral estoppel prevents a party from relitigating a factual issue which has already been actually and necessarily litigated, and finally determined, in a previous action." Bankruptcy Court Opinion at 5; see Biggins v. Hazen Paper Co., 111 F.3d 205 (1st Cir. 1997). Thus, to apply the doctrine, a party must show:
1. the issue sought to be precluded must be the same as that involved in the prior action;
2. the issue must have been actually litigated;
3. the issue must have been determined by a valid and binding final judgment; and
4. the determination of the issue must have been essential to the judgment.
Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30 (1st Cir.1994); Reynolds-Marshall v. Hallum, 162 B.R. 51, 55 (D.Me.1993); Sack v. Friedlander (In re Friedlander), 170 B.R. 472, 476 (Bankr.D.Mass.1994).
The issue which Aetna sought to preclude in the bankruptcy proceeding was whether Markarian had committed fraud within the meaning of section 523(a)(2)(A). We agree with the bankruptcy court that the issue of fraud was expressly raised in the prior litigation between Aetna and Markarian. Count XI of Aetna's complaint charged that Markarian was liable for common law deceit. Record at 364. Aetna alleged that Markarian, a body shop defendant, made fraudulent misrepresentations either by implicitly or expressly representing that the work indicated in the appraisals submitted to Aetna would actually be performed by him or by preparing work claims forms documenting repairs that were never performed. According to Aetna, its employees believed these misrepresentations were true and reasonably relied upon them. Aetna also alleged that as a result it was induced to pay numerous fictitious, non-meritorious automobile insurance claims resulting in damage to Aetna.
The First Circuit has explained in a number of cases that under section 523(a)(2)(A), a creditor must prove:
1. the debtor made a representation;
2. at the time the representation was made, the debtor knew it was false;
3. the defendant made the representation with the intent and purpose of deceiving the creditor;
4. the creditor's reliance was justifiable; and
5. the creditor sustained a loss or damage as a proximate consequence of the representation having been made.
In re Menna, 16 F.3d 7, 10 (1st Cir.1994) (citations omitted); Commerce Bank & Trust Co. v. Burgess (In re Burgess), 955 F.2d 134, 140 (1st Cir.1992); see Field v. Mans, ___ U.S. ___, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). We find that the elements of common law deceit as alleged by Aetna fall within the definition of fraud under section 523(a)(2)(A). See Sack v. Friedlander (In re Friedlander), 170 B.R. 472, 478 (Bankr. D.Mass.1994) (applying collateral estoppel because each element of actual fraud under *252 section 523(a)(2)(A) was an issue in the deceit count in the Massachusetts state court litigation). Accordingly, the first element for applying collateral estoppel is met.
It is evident from the pleadings that the issue of fraud was actually litigated in the prior action. The district court judge specifically charged the jury on the issue of whether Markarian committed fraud. In his instructions, he set out the following as the requirements for a finding of fraud:
1. a statement of material fact;
2. that is false;
3. made with the intent that Aetna be deceived;
4. Aetna is deceived; and
5. Aetna loses money or property.
Record at 409. After deliberating, the jury found that Markarian had committed fraud as they clearly checked off the fraud box on the general verdict form. Accordingly, we find that the second element for applying collateral estoppel has been met.
We also find that the third element has been satisfied as the district court judgment is valid and binding having already been affirmed on appeal. The fourth requirement, that the determination of the issue must have been essential to the final judgment, has been met as a finding of fraud was a prerequisite to awarding damages to Aetna. Because the four requirements have been satisfied, the Panel finds that the bankruptcy court did not err in applying the doctrine of collateral estoppel in granting Aetna's motion for summary judgment and excepting the debt from discharge under section 523(a)(2)(A).
We must next decide whether the bankruptcy court erred in finding the entire debt nondischargeable. Section 523(a)(2)(A) provides in part, "A discharge under section 727 . . . does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud. . . ." 11. U.S.C. § 523(a)(2)(A). Aetna argues that the bankruptcy court's decision excepting the entire debt from discharge under section 523(a)(2)(A) should be upheld. Markarian, on the other hand, argues that the multiple damages under RICO and Chapter 93A and the award of attorney's fees, costs, and interest should not be excepted from discharge. He also argues that the debt attributable to the fraud of other co-defendants should not be excepted from his discharge.
These issues facing the Panel have not been decided by the First Circuit. Courts that have addressed the issue of whether non-compensatory damages may be excepted from discharge under section 523(a)(2)(A) are split. Some courts hold that punitive damages are dischargeable under section 523(a)(2)(A). Palmer v. Levy (In re Levy), 951 F.2d 196, 198-99 (9th Cir.1991), cert. denied, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992); Daly v. Auricchio (In re Auricchio), 196 B.R. 279, 290 (Bankr.D.N.J. 1996); Peterson v. Bozzano (In re Bozzano), 173 B.R. 990, 998 (Bankr.M.D.N.C.1994) (finding treble damages available under the state unfair and deceptive practices act dischargeable under section 523(a)(2)(A)); Katahn Assocs., Inc. v. Wien (In re Wien), 155 B.R. 479, 488 (Bankr.N.D.Ill.1993) (stating that the portion of the debt actually attributable to the debtor's fraudulent conduct is nondischargeable pursuant to section 523(a)(2)(A)); McCullough v. Suter (In re Suter), 59 B.R. 944, 947 (Bankr.N.D.Ill.1986). Other courts disagree and find that punitive damages are nondischargeable under section 523(a)(2)(A). Cohen v. De La Cruz (In re Cohen), 106 F.3d 52, 59 (3d Cir.1997); St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 677-81 (11th Cir.1993); Sack v. Friedlander (In re Friedlander), 170 B.R. 472, 480 (Bankr.D.Mass.1994).
In making their determinations, many courts focus on the language of section 523(a)(2) and compare it to the language of other exceptions to discharge including those contained in sections 523(a)(4) and 523(a)(6).
Although the Bankruptcy Code provides an expansive definition of the term "debt," the language of section 523(a)(2), unlike sections 523(a)(4) and 523(a)(6), places a cap on the amount of "debt" that may be excepted from discharge. Under general *253 principles of statutory construction, courts are to attempt to give meaning to all statutory language to avoid determinations which render any statutory language a nullity. Courts should, therefore, construe the clause "to the extent obtained" in section 523(a)(2) as adding some meaning to the term "debt."
Auricchio, 196 B.R. at 290 (citations omitted); see Cohen, 106 F.3d at 60 (Greenberg, J., dissenting) (explaining that "to the extent obtained" refers to "money, property, [or] services" and that punitive damages do not reflect money, property, or services the debtor "obtained"); Reynolds-Marshall v. Hallum, 162 B.R. 51, 58-59 (D.Me.1993) (focusing on the term "debt" in section 523(a)(6) and explaining that the term should be construed broadly); Goins v. Day (In re Day), 137 B.R. 335, 341 (Bankr.W.D.Mo.1992) (explaining that the language of section 523(a)(2)(A), unlike section 523(a)(6), limits the exception to only that amount of a judgment attributable to the actual value of money or property received by the debtor by virtue of fraud); Doran Servs., Inc. v. Valentine (In re Valentine), 104 B.R. 67, 71 (Bankr.S.D.Ind.1988) (noting that the wording of sections 523(a)(4) and (6) is different); Zervas v. Nix (In re Nix), 92 B.R. 164, 170 (Bankr.N.D.Tex.1988) (explaining that section 523(a)(6) does not contain the limiting language of section 523(a)(2)(A) which restricts the debt excepted from discharge). As the Ninth Circuit explained in Levy, section 523(a)(2) was amended in 1984 to add the language "to the extent obtained by." Levy, 951 F.2d at 198 (citations omitted). We agree with the Ninth Circuit that this phrase is meant to limit the nondischargeable debt to the amount actually obtained by fraud. Id. (citations omitted). Punitive damages, such as those awarded by the district court under RICO and Chapter 93A, are awarded as a penalty or punishment or as an example to others. Id. (quoting Haile v. McDonald (In re McDonald), 73 B.R. 877, 882 (Bankr.N.D.Tex.1987)). They are not a debt for fraud and should not be excepted from discharge under section 523(a)(2)(A). Accordingly, those portions of Markarian's debt to Aetna attributable to the multiple damages under RICO and Chapter 93A should not be excepted from Markarian's discharge under section 523(a)(2)(A).
The Panel finds that the prejudgment interest associated with punitive damages and the award of attorney's fees and costs should also be dischargeable under section 523(a)(2)(A) because these components of the district court award do not represent money owed on account of Markarian's fraud. See Check Central of Oregon, Inc. v. Barr (In re Barr), 54 B.R. 922, 925 (D.Or.1984) (holding that attorney fees awarded under state statute were not nondischargeable under section 523(a)(2)(A) because the creditor was not relying on any fraudulent representation of the debtor in authorizing the services underlying the attorney fee debt); Daly v. Auricchio (In re Auricchio), 196 B.R. 279, 289 (Bankr. D.N.J.1996) (finding that creditors are not entitled to attorney fees under section 523(a)(2)); Doran Servs., Inc. v. Valentine (In re Valentine), 104 B.R. 67, 71-72 (Bankr. S.D.Ind.1988) (acknowledging that courts have found attorney fees dischargeable under section 523(a)(2)(A) because they are not debts for money, property, services or credit obtained by the debtors by fraud); McCullough v. Suter (In re Suter), 59 B.R. 944, 947 (Bankr.N.D.Ill.1986) ("It is possible to argue that the attorneys' fees incurred by the debtor in obtaining the prebankruptcy judgment also represent a debt for money obtained by the debtor's actual fraud, although that analysis is admittedly strained at best.").
Markarian also argues that the portion of the district court judgment attributable to the wrong-doing of other co-defendants should not be excepted from his discharge in bankruptcy under section 523(a)(2)(A). Aetna, of course, argues the opposite and cites numerous cases to support its position. The Panel finds, however, that the cases cited by Aetna are distinguishable from the present case. The first case discussed by Aetna is Piccicuto v. Dwyer, 39 F.3d 37 (1st Cir.1994). In that case, the court was dealing with an exception to discharge under section 523(a)(6), not section 523(a)(2). In addition, the First Circuit acknowledged that the liability of the debtors was not mere vicarious liability; rather, the judgment *254 against the debtors under Chapter 93A resulted from the debtors' "own acts and conduct," which acts were an "integral" part of the lower court's finding that the debtors had violated Chapter 93A. Id. at 41-42.
Aetna also cites Bairstow v. Sullivan (In re Sullivan), 198 B.R. 417 (Bankr.D.Mass. 1996), for the proposition that the entire debt should be excepted from discharge. Aetna, however, misinterprets this case in which Judge Queenan clearly stated, "Debts based on vicarious liability are not excepted from discharge because they are not based on deliberate and or intentional conduct by the liable party." Id. at 424 (citation omitted). The court did except the debt in question from discharge, but because the debtor knew that a continuing trespass was being committed by his agents and employees and did nothing about it. The court found that this inaction by the debtor constituted deliberate and intentional conduct within the scope of section 523(a)(6).
In Eppard v. Sestito (In re Sestito), 136 B.R. 602 (Bankr.D.Mass.1992), the court excepted from discharge under section 523(a)(2)(A) a debt for misrepresentation under Massachusetts law where the misrepresentation was made by the debtor's partner. In Luce v. First Equip. Leasing Corp. (In re Luce), 960 F.2d 1277 (5th Cir.1992), the court found that fraud can be imputed to an innocent partner for purposes of section 523(a)(2)(A). In imputing a partner's fraud to the debtor, courts emphasize that this coincides with partnership policy; in a partnership, partners have an opportunity and duty to ensure that the affairs of the partnership are conducted with integrity and the partners accept these obligations by participating in the partnership. Sestito, 136 B.R. at 605-06. In this case, Markarian was not a partner with any of the other co-defendants. Rather, Markarian was an employee of just one of several defendant automobile body shops.
In Lail v. Weaver (In re Weaver), 174 B.R. 85 (Bankr.E.D.Tenn.1994), the court found the false representation of joint venturers could be imputed to the debtor. Under Tennessee law, however, joint venturers are governed by partnership law which provides that any fraudulent act committed by a partner while acting on behalf of and in the ordinary course of the business can be imputed for purposes of determining liability. Id. at 89. As explained above, Markarian was not a partner with any of the co-defendants.
Aetna also cites Compugraphic Corp, v. Golden (In re Golden), 54 B.R. 957 (Bankr. D.Mass.1985). The Panel finds that only the amount of damages caused by the debtor's breach of fiduciary duty was excepted from discharge under section 523(a)(2)(A) and (a)(4) in that case. Id. at 963-64. Accordingly, that case too is distinguishable. Because the acts of other co-defendants cannot be attributed to Markarian, we find that those portions of the judgment debt which are attributable to the wrong-doing of Markarian's co-defendants are not excepted from Markarian's discharge under section 523(a)(2)(A).
The Panel must next determine the amount of the debt which was obtained by Markarian's fraud, i.e., the extent to which Aetna's damages were actually caused by the debtor's fraud. The district court found that Aetna suffered actual damages in the total amount of $789,967.24. The record indicates this amount includes damages from all of the false insurance claims, claims which originated from several different automobile body shops and were submitted by many different defendants. It is undisputed that Markarian worked only at the Arsenal shop. Aetna alleged in its amended complaint in district court that Aetna paid only $89,419.91 on account of the claims submitted by the Arsenal defendants. Record at 352. In the circuit court's opinion, it states that Aetna paid $137,346.83 on claims submitted by the Arsenal defendants' employees and friends. Record at 71. Nowhere in the record is there any finding as to what the damages were against the Debtor based on actual fraud. The district court judgment makes no delineation between damages incurred by Aetna on account of the Arsenal defendants and damages incurred by Aetna on account of other defendants. Record at 470. Although the jury made specific findings as to which claims were fraudulent, no dollar amount is *255 given as to the money paid by Aetna on each of these claims. Record at 456. Because of these discrepancies, the Panel finds that it cannot determine the extent of the damages caused by Markarian's fraud and thus the amount of the debt excepted from discharge pursuant to section 523(a)(2)(A). Therefore, we remand the case to the bankruptcy court for such a determination.
The bankruptcy court found it unnecessary to consider whether Markarian's debt to Aetna would also be nondischargeable pursuant to 11 U.S.C. § 523(a)(6), which excepts from discharge debts based on willful and malicious conduct by a debtor. Many of the courts which hold that punitive damages are not excepted from discharge under section 523(a)(2)(A) find that such punitive damages may be nondischargeable under section 523(a)(6). Palmer v. Levy (In re Levy), 951 F.2d 196, 199 (9th Cir.1991), cert. denied, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992); Kuzniar v. Keach (In re Keach), 204 B.R. 851, 854 (Bankr.D.R.I.1996) (holding that section 523(a)(6) is the appropriate vehicle for considering the dischargeability of a punitive damage award); Katahn Assocs., Inc. v. Wien (In re Wien), 155 B.R. 479, 488 (Bankr.N.D.Ill.1993); see also Reynolds-Marshall v. Hallum, 162 B.R. 51, 58 (D.Me. 1993) ("[T]here is substantial agreement among the circuit courts of appeal that have addressed the issue that punitive damages are nondischargeable under section 523(a)(6)."); Metromedia Co. v. Fugazy (In re Fugazy), 157 B.R. 761, 766 (Bankr. S.D.N.Y.1993) (granting summary judgment and declaring creditor's claim for RICO damages nondischargeable under section 523(a)(6)); Zervas v. Nix (In re Nix), 92 B.R. 164, 169-70 (Bankr.N.D.Tex.1988) (same). The First Circuit has recently upheld a bankruptcy court's decision on summary judgment which excepted from discharge under section 523(a)(6) an arbitration award that included a large punitive damage component. Printy v. Dean Witter Reynolds, Inc., 110 F.3d 853 (1st Cir.1997). The First Circuit has previously found liability under Chapter 93A nondischargeable under section 523(a)(6). Piccicuto v. Dwyer, 39 F.3d 37, 41-42 & n. 3 (1st Cir.1994) (acknowledging that some federal courts have construed the "willful and malicious" provision of section 523(a)(6) more strictly than the Massachusetts courts have interpreted the "willful or knowing" provision of Chapter 93A but electing not to address the issue as it was not raised by the parties). If the multiple damages, attorneys' fees and costs, and prejudgment interest associated with the punitive damages are to be excepted from discharge in this case, Aetna must satisfy the requirements of section 523(a)(6) and show that these portions of the judgment debt arose from Markarian's willful and malicious conduct. Because the bankruptcy court failed to address these issues, we remand the case to the bankruptcy court for a determination of whether these portions of Markarian's debt to Aetna may be excepted from discharge under section 523(a)(6).
SO ORDERED.