# UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT

---

**BAP No.   NH 99-051**

---

**IN RE: ALFRED J. ALMEDER AND SHARON A. ALMEDER,**
**Debtors.**

---

**ALFRED J. ALMEDER AND SHARON A. ALMEDER,**
**Defendants/Appellants,**

**v.**

**FRANCES J. DUGGAN,**
**WINIFRED DUGGAN, FRANCES J. DUGGAN, JR.,**
**AND FRANCIS J. DUGGAN, ASSIGNEE OF LAWRENCE DUGGAN**
**Plaintiffs/Appellees.**

---

**Appeal from the United States Bankruptcy Court**
**for the District of New Hampshire**
**(Hon. Mark W. Vaughn, U.S. Bankruptcy Judge)**

---

**Before**
**VOTOLATO, HILLMAN, FEENEY, U.S. Bankruptcy Appellate Panel Judges**

---

**Alfred J. Almeder and Sharon A. Almeder, pro se, on brief for Appellants.**

**Robert D. Loventhal, Esquire, on brief for the Appellees.**

---

**February 6 , 2001**

---

**Per Curiam.**

The Debtor, Alfred J. Almeder ("Almeder" or the "Debtor") appeals from a judgment of the United States Bankruptcy Court for the District of New Hampshire (the "Bankruptcy Court") in which the Bankruptcy Court determined that debts owed by the Debtor to the Plaintiffs, Francis J. Duggan, Winifred Duggan and Francis J. Duggan Jr. (collectively the "Plaintiffs") in the total sum of $40,000 were excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A). After a trial at which the Plaintiffs, Francis Duggan Sr. and Francis Duggan Jr., and the Debtor testified, the Bankruptcy Court issued a memorandum opinion and a final judgment of nondischargeability.

In its memorandum, the Bankruptcy Court discussed the elements of a creditor's claim for an exception to discharge under Section 523(a)(2)(A). The Bankruptcy Court stated that in order to prevail on their complaint, the Plaintiffs were required to show that the Debtor made a false representation, that he knew or should have known it was false, and that the Plaintiffs justifiably relied on the representation, resulting in damages to them. The Bankruptcy Court applied the standard of justifiable reliance set forth in Field v. Mans, 516 U.S. 59 (1995).

The Bankruptcy Court found that the Plaintiffs had presented credible evidence that the Debtor had made a number of fraudulent misrepresentations to them which he knew were false, in connection with his solicitation of investments and sale of stock in Dreamworld, Inc. with respect to a proposed theme park known

1

as "Dreamworld." Specifically, the Bankruptcy Court found that the Debtor misrepresented four matters: 1) that there was sufficient land under option to complete the project; 2) that a lender had committed funds for the project, when in fact there were a number of undisclosed contingencies to the financing, including substantial payments by Dreamworld, Inc.; 3) that the stock in Dreamworld, Inc. was "blue skied," that is, legally issued; and 4) that the Plaintiffs' investments were safe because the project owners had the land and permits for an equestrian park. The Bankruptcy Court further found that the Plaintiffs relied on the representations in deciding to invest in Dreamworld and that their reliance was justifiable based upon all of the circumstances surrounding the investment, emphasizing that at the two meetings between the Debtor, the Plaintiffs and other investors, the Debtor did not point out the risks of investing. The Bankruptcy Court concluded that the claim of Francis and Winifred Duggan in the sum of $30,000 and the claim of Francis Duggan, Jr. in the sum of $10,000 were excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

The Bankruptcy Appellate Panel (the "Panel") has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. On appeal, "findings of fact ... shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed. R. Bankr. P. 8013; Jeffrey v. Desmond, 70 F.3d 183 (1st Cir. 1995); Aetna Casualty and Surety Co. v. Markarian

2

(In re Markarian), 208 B.R. 249 (B.A.P. 1st Cir. 1997).

The Debtor does not challenge the legal standard utilized by the Bankruptcy Court, and the Panel rules that the Bankruptcy Court applied the proper legal standard in determining the exception to discharge under § 523 (a)(2)(A). See Century 21 Balfour Real Estate v. Menna (In re Menna), 16 F.3d 7, 10 (1st Cir. 1994). The Debtor, however, asserts that the Plaintiffs did not prove fraud before the Bankruptcy Court, pointing to what he perceives to be contradictions in the Plaintiffs' testimony and maintains that the Bankruptcy Court erred in finding against the Debtor. The Panel has conducted a full review of the entire record on appeal, in particular the transcript of the trial in the Bankruptcy Court and the designated exhibits that were received into evidence by the Bankruptcy Court. Based upon our independent review, the Panel concludes that the record amply supports and justifies the disposition below. Accordingly, the judgment of the Bankruptcy Court is now **AFFIRMED.**