In re Sharyon and Sandy COBE, Debtors.

Sharyon and Sandy Cobe, Appellants,

v.

Paul Smith; Steven Smith, Ch. 7 Trustee; U.S. Trustee, Appellees.

BAP No. CC–98–1042–MEBK.
Bankruptcy No. LA 92–58407 KM.
Adversary No. LA 93–02117 KM.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 23, 1998.

Decided Dec. 31, 1998.

Kate M. Neiswender, Ventura, CA, for Sharyon and Sandy Cobe.

Gregory M. Salvato, Parker, Milliken, Clark, O'Hara & Samuelian, Los Angeles, CA, for Paul Smith.

Before: MEYERS, BRANDT and KLEIN, Bankruptcy Judges.

### OPINION

MEYERS, Bankruptcy Judge.

## I

A creditor filed a nondischargeability action. The court granted relief from the automatic stay to allow the creditor to proceed with a state court action filed prepetition. The state court jury found in favor of the creditor and the debtor appealed to the state appellate court. The creditor then moved for summary judgment in the bankruptcy court based on principles of collateral estoppel. The bankruptcy court granted the motion on the condition that the jury verdict is ultimately affirmed on appeal.

We AFFIRM.

## II

### FACTS

In 1990, Paul Smith ("Smith") sued Sharyon and Sandy Cobe ("Cobes") for breach of contract, fraud and breach of fiduciary duty. Also named as defendants were two corporations owned by the Cobes, Intercontinental Releasing Corporation ("IRC") and Terminal Entry Productions ("TEP").

On December 21, 1992, the Cobes, as well as IRC and TEP, filed for bankruptcy relief. Smith filed a complaint for nondischargeability on March 24, 1993. He asserted that the debt owed was nondischargeable pursuant to Bankruptcy Code Section 523(a)(2) and (a)(4).

On May 18, 1994, the bankruptcy court conducted a pretrial conference, at which time the court asked the parties if it would be more efficient to allow the state court action to go forward. Then, if Smith was successful, he could move for summary judgment on the issue of nondischargeability. The parties agreed and relief from the automatic stay was granted. The order was not entered until September 1994.

Smith proceeded in state court only against the Cobes and only on the claims of fraud and breach of fiduciary duty. The trial began in May 1997. The jury found in favor of Smith on both the fraud and breach of fiduciary duty claims. The Cobes filed an appeal in state court.

In December 1997, Smith moved in bankruptcy court for summary judgment based on principles of collateral estoppel. The bankruptcy court found that the verdict met the requirements of Section 523; however, the court recognized that the state court judgment was not final because it was on appeal. Hence, the court ruled that it would grant summary judgment on the condition that the state appellate court ultimately affirmed the jury's ruling and award. The order provided that the bankruptcy court's award of damages would be modified if the appellate court modified the jury's award.

## III

### STANDARD OF REVIEW

The Panel reviews the granting of summary judgment *de novo*. *In re Yarbrow*, 150 B.R. 233, 236 (9th Cir. BAP 1993).

## IV

### DISCUSSION

#### A. *Claim Under Section 523(a)(2)(A)*

Smith's first claim in the state court action was for intentional misrepresentation. As to that claim, the jury found, through the use of special interrogatories, that: 1) the Cobes made a representation to Smith as to a past or existing material fact; 2) the representation was false; 3) the Cobes knew that the representation was false when it was made; 4) the Cobes made the representation with the intent to induce Smith to rely on the representation; 5) Smith was not aware of the falsity of the representation; 6) he acted in reliance upon the truth of the representation; 7) the reliance was justifiable; and 8) he was damaged as a result of his reliance upon the truth of the representation. These findings satisfy the elements for a claim under Section 523(a)(2)(A). *See, e.g., In re Tallant*, 218 B.R. 58, 64 (9th Cir. BAP 1998).

The Cobes focus their argument on the jury's finding that the Cobes also acted recklessly. Specifically, they contend that the state court gave an improper and over inclusive, definition of recklessness. This argument fails to take into account the jury's finding that the Cobes made the misrepresentation with knowledge if its falsity. In fact, the Cobes fail to address that specific finding by the jury.

The findings of the state court jury met the elements for nondischargeability under Section 523(a)(2)(A). The bankruptcy court properly applied principles of collateral estoppel when it granted summary judgment based on the state court verdict.

#### B. *Claim under Section 523(a)(4)*

The jury also found that Sandy Cobe breached a fiduciary duty owed to Smith. The Cobes argue that the definition of fiduciary duty provided by the state court was not comparable to the definition under Section 523(a)(4). Furthermore, they assert that the bankruptcy court erred when it refused to look beyond the face of the state court judgment when it gave collateral estoppel effect to that finding. The Panel need not reach this issue because we affirm on the basis of Section 523(a)(2). *See In re Ashley*, 903 F.2d 599, 604 n. 3 (9th Cir.1990).

#### C. *Issue of Damages*

The Cobes argue that the state court judgment includes damages which do not fall under Section 523(a)(2) and that these damages should be dischargeable. That Section excepts from the discharge any debt "for money, property, services, ... to the extent obtained by false pretenses, a false representation, or actual fraud...." The Cobes contend that they only "obtained" $60,000 from Smith and that the remainder of the judgment is dischargeable.

We recognize that there has been a split in authority as to whether the use of the word "obtained" in Section 523(a)(2) acted to limit damages to the amount the debtors had actually obtained through their misrepresentations. The Supreme Court resolved this issue in *Cohen v. De La Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). In that case, a governmental entity determined that the debtor, a landlord, charged rent in excess of that allowed under a rent control ordinance and it ordered him to reimburse the funds. He failed to comply with the order. He then filed for bankruptcy protection. The entity sued the debtor under Section 523(a)(2) for actual fraud. The bankruptcy court found in favor of the creditor, and awarded compensatory damages. It also awarded punitive damages pursuant to state law in the form of treble damages, as well as attorney's fees and costs.

On appeal, the debtor argued that the award should have been limited to the amount of excess rents charged, since that was what he had obtained from his actions. The Supreme Court disagreed. It ruled that the entire debt flowing from the debtor's fraudulent conduct was nondischargeable, not just that amount actually "obtained" by

the debtor. The Court made it clear that such a reading brought the Section in line with the other provisions of Section 523(a). *Cohen*, 118 S.Ct. at 1217.

The Cobes argue that the prejudgment interest awarded should not be included in the nondischargeable debt. Pursuant to *Cohen*, that argument is rejected. Furthermore, in the context of an action under Section 523(a)(4), the Ninth Circuit Court of Appeals has ruled that a creditor is entitled to include prejudgment interest as part of his nondischargeability judgment. *In re Niles*, 106 F.3d 1456 (9th Cir.1997). In light of *Cohen*, the same must be true in an action under Section 523(a)(2). The entire amount of the judgment awarded against the Cobes is nondischargeable.

The Cobes cite to *In re Levy*, 951 F.2d 196 (9th Cir.1991), and *In re Young*, 208 B.R. 189 (Bankr.S.D.Cal.1997), to support their position. Neither case is good law in light of *Cohen*. In fact, *Levy* was specifically mentioned by the Supreme Court as standing for the proposition that the Court ultimately rejected.

### D. *Trial Within Five Years*

The Cobes argue that the state court did not have jurisdiction because the case was not brought to trial within five years as required under state law. The Cobes raised this argument in a motion before the state court and the argument was rejected.

In *In re Audre, Inc.*, 216 B.R. 19 (9th Cir. BAP 1997), the appellants participated fully in state court proceedings, and had a judgment granted against them. Then, in a subsequent nondischargeability action in the bankruptcy court, they argued that the state court did not have jurisdiction to rule on the underlying issue and its judgment should not be given collateral estoppel effect. The Panel noted that the plaintiff failed to raise the issue of jurisdiction before the state court. We then held that "[t]hey should not be allowed to do so for the first time in bankruptcy court. The appropriate place for such argument is the California Court of Appeals...." 216 B.R. at 28.

The Cobes have had a fair opportunity to pursue this issue, which is based on an interpretation of state statutory law, in state court. The proper avenue for appeal is the California Court of Appeals. This argument does not provide a basis for refusing to apply collateral estoppel.

### E. *Bankruptcy Court's Conditional Judgment*

A final issue concerns the conditional nature of the bankruptcy court's judgment. The state court jury award is still on appeal. An issue arises as to the relief the Cobes might be entitled to if the state appellate court were to reverse the jury award. We note that the Federal Rules of Civil Procedure specifically address this concern. Rule 60(b)(5), as incorporated by Fed.R.Bankr.P. 9024, provides that a court may relieve a party of a final judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated...." Accordingly, if the state appellate court reverses or vacates the jury award the Cobes can make a motion before the bankruptcy court and may be entitled to relief.

### V

### CONCLUSION

The jury made findings that satisfy all the elements under Section 523(a)(2). The bankruptcy court acted properly when it granted summary judgment on that claim. The Panel rejects the Cobes' arguments that state court did not have jurisdiction and that damages should have been limited. The former issue is an issue for state appellate court review, and the latter issue has been resolved against the Cobes by the Supreme Court in *Cohen*.

AFFIRMED.