CUDAHY, Circuit Judge,
concurring in part, dissenting in part:
I concur in Part B of the majority’s opinion which affirms the district court’s determination that the bankruptcy court did not abuse its discretion in granting nunc pro tunc approval. I respectfully dissent, however, as to Part A of the majority opinion. I believe this court should reverse the district court’s decision to vacate the bankruptcy court’s order confirming Harbin’s plan and that the discretion of the bankruptcy court should be sustained in its finding of feasibility.
Although the issue of feasibility is certainly close under the circumstances, I do not agree that the bankruptcy court’s judgment of the matter here was clearly erroneous. There is an important element of discretion in reaching a practical judgment here, and the majority seems to be announcing a rule that the bankruptcy court must always wait, no matter how long, for the resolution of an appeal to be decided before confirming a plan.[1] Depending on how long the matter has already been left open for a decision on appeal and on the bankruptcy court’s estimate of the chances of reversal on appeal (and other factors), the totality of the circumstances may favor an earlier confirmation of the plan or they may not. To postpone confirmation until the result on appeal is finally known is to lose all ac *525 count of finality, which is generally a consideration of importance in bankruptcy. Here the fact that the judgment was actually reversed on appeal makes this an unusual case, since only a small fraction of trial court judgments are reversed.[2] That possibility, it seems to me, should not provide the pattern for dealing with this problem.
In fact, the bankruptcy court considered the impact of Sherman’s request to delay confirmation on finality and rejected this request finding it unreasonable to delay distributions until Sherman’s appeal ran its course. In making this decision, the court considered not only Sherman’s interests but those of all parties involved in the bankruptcy proceeding: “He has other creditors to deal with-There are professionals out there. There’s a Chapter 7 trustee out there.” (ER at 175.)
The real basis for the majority’s decision seems to me to be the bankruptcy court’s reliance on the Rooker-Feldman doctrine — a reliance which I also believe to be erroneous. However, I see Rooker-Feld-man to be a make-weight and its invocation harmless error in the context of a basic finding of infeasibility. The bankruptcy court’s finding on Rooker-Feldman is simply not necessary to the outcome. The bankruptcy court was aware of the likely amount of the judgment if successful on appeal and of Sherman’s concern that Harbin would not preserve his house to be available for distribution. The court factored these concerns into the decision to confirm the plan and provided Sherman with relief if successful on appeal.
I am also troubled by the majority’s application of Pizza of Hawaii, Inc. v. Shakey’s Inc. (In re Pizza of Hawaii, Inc.), 761 F.2d 1374 (9th Cir.1985). This case is clearly distinguishable from the present case. Unlike in Pizza of Hawaii, the state trial court had issued a judgment at the time the bankruptcy court confirmed Harbin’s plan. The state court had valued Sherman’s judgment at $0. Accordingly, the bankruptcy court had disallowed Sherman’s claim. The state court judgment was the law at that time. In Pizza of Hawaii, there was not yet a judgment at the state trial level, nor was there a claim in the bankruptcy court. To expand the rule in Pizza of Hawaii to the present case undermines the importance of finality in the bankruptcy proceeding.
The majority also seems to have lost sight of the specific arrangements the bankruptcy court made for a reversal on appeal, namely allowing Sherman to return to the court to reopen his disallowed claim pursuant to Cobe v. Smith (In re Cobe), 229 B.R. 15, 18 (9th Cir. BAP 1998). The majority derogates this provision by suggesting the funds will not be available to satisfy Sherman’s claim if distribution has been made to other creditors. This is a possibility — but not a certainty — but a contrary solution ignores the rights of other creditors, who must wait indefinitely for satisfaction until Sherman’s appeal is decided.

. The majority requires a bankruptcy court to ''evaluate the possible effect of a debtor's ongoing civil case with a potential creditor.” (Op. at 514.) Given that the bankruptcy court already provided for relief pursuant to Cobe v. Smith (In re Cobe), 229 B.R. 15, 18 (9th Cir. BAP 1998), practically speaking the only option available to the bankruptcy court appears to be to delay confirmation.

. Title 11 U.S.C. § 1129(a)(ll) defines feasible as "confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor....” Most appeals are not successful, and therefore not "likely” to render a plan infeasible.